### 10977

#### WILLARD *ET AL.* v. FINCH *ET AL.*

#### (113 S. E. 302)

1. MECHANICS' LIENS—TRUE DATE OF COMPLETION OF LABOR MAY BE SHOWN.—In order to determine the date when suit must be brought under Civ. Code 1912, § 4119, to bring it within the six months' period required to preserve mechanic's lien authorized by Section 4113, the actual date of completion of labor may be shown as different from that stated in the notice of lien filed under Section 4117, if the error is not misleading, notwithstanding Section 4118, providing that the lien is not invalidated by inaccuracy of statement, which relates only to description of the property and amount due.

Before SEASE, J., Spartanburg.

Reversed.

Action by C. R. Willard and others doing business under the firm name of Willard-Boggs & Co., against W. T. Finch and others. From a Judgment for plaintiffs, defendant John S. Forrest appeals. Judgment reversed, and case remanded.

*Messrs. Mack P. Spears* and *L. K. Leonard,* for appellant, cite: *Sufficiency and accuracy of statement in Builders' Lien:* 18 R. C. L. 939; par. 73; 27 Cyc. 210; 31 Pac. 248; 68 Pac. 490; 43 N. W. 377; 50 N. W. 1018; 80 N. W. 695; 55 N. W. 47; 54 N. W. 936; 86 N. W. 545; 74 N. W. 756; 48 N. W. 90; 53 N. E. 895; 57 N. E. 335; 128 N. W. 698; 61 S. C. 385; 7 S. C. 263.

*Messrs. H. E. DePass,* for plaintiff: *H. B. Carlisle, Bomar, Osborne & Brown, M. C. Foster, I. C. Blackwood* and *C. E. Daniels,* for other defendants.

July 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The record shows:

"This defendant claims a lien in the sum of $1,000.35 for services in plastering the interior of the hotel. His notice of lien was filed January 21, 1921, and he states herein that he finished his work on the 14th day of November, 1920. The notice in which this statement is included is verified by the sworn affidavit of the claimant. But he seeks in the testimony to show that this was an error, and that he did not really finish his work until the 20th day of November. Six months from that date would give the claimant until May 20 in which to commence suit. Therefore he contends the suit commenced by plaintiffs on May 18 inures to his benefit, under the provisions of section 4147 of the act, and actually gives him two days to spare. A reference to the original typewritten notice of lien, which was filed January 21, 1921, will show that, as this notice was first prepared, it stated that the work was completed on the 1st day of November, 1920. But the word 'first' is stricken out with the stroke of a pen, and the word 'fourteenth' is written in ink above it. And now Mr. Forrest seeks to show that he was not only mistaken in saying that his work was completed on November 1,

1920, but that, when the instrument was gone over and corrected, and sworn to as a notice of lien claimed for work finished on November 14, he was again in error. In asking to be allowed to correct his alleged second error, this claimant cites Section 4118, which provides that certain inaccuracies in the statement shall not invalidate the lien. But it will be noted that these excusable inaccuracies relate only to the description of the property to be covered by the lien or the amount due. The act has nowhere declared that a misstatement as to the date of the last item of labor or material may be corrected, after the claimant's action has allowed the lien to be dissolved. I cannot sustain this defendant's lien, and must hold that it has been dissolved by the failure to commence suit within six months from November 14, 1920. I feel so confident of the correctness of this interpretation of the law that I do not think it necessary to discuss this claim further. But if I be in error in this ruling, and if it be held that Forrest has not lost his lien, then the case should be reopened for the taking of additional testimony, for some questions arise out of the testimony which are not fully settled by it, and I am not satisfied what amount, if anything, is due to the defendant Forrest as the balance upon his contract."

The Statutes (Code 1912, Vol. I) are:

"4113. *Party Furnishing Labor and Materials to have Lien on Buildings, etc.*—Any person to whom a debt is due for labor performed or furnished, or for materials furnished and actually used in the erection, alteration, or repair of any building or structure upon any real estate, by virtue of an agreement with, or by consent of, the owner of such building or structure, or any person having authority from, or rightfully acting for, such owner, in procuring or furnishing such labor or materials, shall have a lien upon such building or structure, and upon the interest of the owner thereof in the lot of land upon which the same is situated, to secure the payment of the debt so due to him,

and the costs which may arise in enforcing such lien under this chapter, except as is provided in the following sections. Civ. '02, § 3008; G. S. 2350; R. S. 2465; 1816, VI, 32; 1869, XIV, 220."

"4117. *Lien Dissolved Unless Statement be Recorded —When, Where and What to Contain.* Such lien shall be dissolved unless the person desiring to avail himself thereof, within ninety days after he ceases to labor on or furnish labor or materials for such building or structure, files in the office of the register of mesne conveyances or clerk of court of the county in which the same is situated a statement of a just and true account of the amount due him, with all just credits given, together with a description of the property intended to be covered by the lien, sufficiently accurate for identification, with the name of the owner or owners of the property, if known, which certificate shall be subscribed and sworn to by the person claiming the lien, or by some one in his behalf, and shall be recorded in a book kept for the purpose by the register or clerk who shall be entitled to the same fees therefor as for recording mortgages of equal length. The delivery to the register clerk for filing, as hereinbefore provided, shall be and constitute the delivery contemplated with regard to such liens in title II, of part II, of this Code.

"Civ. '02, § 3012; G. S. 2354; R. S. 2469; 1869, XIV, 220; 1873, XV, 350; 1884, XVIII, 822.

"4118. *Not Invalidated by Inaccuracy of Statement, etc.*—No inaccuracy in such statement, relating to the property to be covered by the lien, if the property can be reasonably recognized, or in stating the amount due for labor or materials, shall invalidate the proceedings, unless it appear that the person filing the certificate has willfully and knowingly claimed more than his due.

"Civ. '08, § 3013; G. S. 2355; R. S. 2470; 1869, XIV, 220.

"4119. *Lien Dissolved If Suit Not Begun in Six Months.*—Unless a suit for enforcing the lien is com-

menced within six months after person desiring to avail himself thereof ceases to labor on or furnish. labor or material for such building or structures, the lien shall be dissolved.

"Civ. '02, § 3014; G. S. 2356; R. S. 2471; 1869, XIV, 220; 1873, XV, 350."

Section 4113 creates the lien. Section 4117 requires the statement to contain a just and true account of the amount due him, with all just credits given, a description of the property, and the name of the owner. Section 4118 provides that no inaccuracy in stating the amount due or the property covered, unless misleading, shall invalidate the lien. Section 4119 provides that the lien shall be invalidated unless suit for enforcing the lien be brought within six months after the person claiming a lien shall cease to labor on, or furnish labor or materials, etc.

The statutes, having created the lien, provide that it shall be dissolved, not six months from the date stated in the lien, but six months after the claimant ceases to labor or furnish materials, etc. The master and the trial judge were therefore in error in fixing the date upon which the lien was dissolved as six months from the date stated in the notice, and not six months from the date upon which the claimant ceased to work or furnish materials, etc., unless the error is misleading.