## FINLEY v. HUGHES.

### Civ. A. No. 3247.

United States District Court
E. D. South Carolina, Columbia Division.

Aug. 12, 1952.

N. Welch Morrisette, Jr., Edgar L. Morris, Columbia, S. C., for plaintiff.

C. T. Graydon, Columbia, S. C., for defendant.

WYCHE, Chief Judge.

The above case is before me upon motion of the defendant to cancel the lis pendens, filed by the plaintiff at the commencement of the action, upon four grounds, which are as follows:

"1. That the said Lis Pendens was filed without authority of law and is wrongfully and improvidently filed.

"2. That the action as set forth in the complaint does not warrant or authorize the filing of said Lis Pendens.

"3. That the said action is one for accounting, damages and for money due, with no recorded or existing lien alleged on said real estate at the time of filing.

"4. That the permitting of said lis pendens to remain on said property is in effect an injunction over the property of defendant without bond or security, in violation of law."

The complaint, after alleging a claim for damages for $150,000, one for $12,500, and one for an accounting, alleges that the title to the property described in the complaint "is in the name of Colie L. Hughes or C. L. Hughes; that said properties are held in trust by said Colie L. Hughes or C. L. Hughes, the defendant herein, for the use and profit of the plaintiff, Carville Finley, and that the said plaintiff, Carville Finley,

has and claims an equitable lien in each of the said above-described properties by reason of the defendant having purchased said real estate with funds he held in trust for the plaintiff, and that building materials belonging to the plaintiff have gone into the improvements thereon, and further alleges that by the action and conduct of the defendant in diverting the funds and brick products from the plaintiff's business hereinabove described to the defendant's private use, that said defendant became a trustee *ex maleficio*"; and prays as to the last claim "that the Court in its final decree enter an order providing that the sums of money shown by said accounting' as due and owing by the defendant to plaintiff constitute an equitable lien against all the hereinabove described real estate * * *."

Section 432, Code of Laws of South Carolina, 1942, provides that: "In an action affecting the title to real property, the plaintiff, * * * may file with the clerk of each county in which the property is situated, a notice of the pendency of the action, * * *."

So, the only question involved in this motion is whether or not the last claim stated by the plaintiff in his complaint affects the title to the real property described in the complaint.

Rule 8(e) (2), Rules of Civil Procedure, 28 U.S.C.A., provides: "A party may also state as many separate claims * * * as he has regardless of consistency and whether based on legal or on equitable grounds or on both."

 "The doctrine of lis pendens applies to all suits or actions which directly affect real property, and not only those which involve the question of title, but also those which are brought to establish an equitable estate, interest, or right in specific real property or to enforce any lien, charge, or encumbrance against it, there being in some cases a lis pendens, although at the commencement of the suit there is no present vested interest, claim, or lien in or on the property which it seeks to charge. It has also been held to apply in the case of a proceeding to * * * establish a trust, or

* * * to suits for the settlement and adjustment of partnership interests." 54 C. J.S., Lis Pendens, § 9, pp. 577, 578.

In his last claim plaintiff seeks to establish a constructive trust with reference to the real estate described in the complaint. Such a trust is recognized by the law of South Carolina. Wolfe v. Wolfe, 215 S.C. 530, 56 S.E.2d 343. If one person, having money belonging to another in his hands, wrongfully uses it for the purchase of lands, taking the title in his own name, then equity will impress a constructive trust upon the new property for the benefit of the original cestui que trust who has thus been defrauded. Harmon v. Harmon, 96 S.C. 393, 71 S.E. 815; Bank of Williston v. Alderman, 106 S.C. 386, 91 S.E. 296.

In my opinion the last claim of the plaintiff is a claim which affects the title to the real property described in the complaint, and for this reason the motion for the cancellation of the lis pendens should be denied, and

It is so ordered.