1140

PREFERRED SAVINGS AND LOAN ASSOCIATION, INC., Appellant v. ROYAL GARDEN RESORT, INC., Royal Garden Regime Homeowners Association, a/k/a Royal Garden Resort Condominium Homeowners Association, Inc., Cianbro Corporation, Carolina Furniture Sales, Commercial Communications, Inc., General Electric Company, George S. Hirsch, Ward Hulbert, as Trustee for Hulbert, Inc., Profit-Sharing Trust, and Hulbert, Inc., Pension Plan, Kenneth R. Sanders, Robert H. Quattlebaum, Shirley Treadway, d/b/a S. & M. Lawn Services, Darlene M. Appel, Keith K. Appel, Patricia T. Burk, William J. Burk, Rebecca S. Howard, Whitfield M. Howard, Daniel B. Jordan, Marian M. Jordan, Etta M. Near, Jerome A. Near, Phyllis A. Stickney, Roland F. Stickney, Diana V. Stone, Gregory G. Stone, William H. Cooper, Jesse C. Atchley, Ralph Tom White, II, individually and as General Partners of Pintail Properties, a North Carolina General Partnership, and Robert Foster, defendants, of whom Cianbro Corporation is Respondent.

(368 S. E. (2d) 78)

Court of Appeals

*Haigh Porter, D. Michael Ballenger* and *Mary Layton Wells,* Florence, *for appellant.*

*Otis Allen Jeffcoat, III,* and *G. Michael Smith* of *Jeffcoat & Martin,* Myrtle Beach, *for respondent.*

Heard Feb. 22, 1988.

Decided April 25, 1988.

CURETON, Judge:

This case involves the foreclosure of a mortgage and a mechanic's lien. The issue on appeal is the validity of the mechanic's lien. The master concluded on a motion for summary judgement filed by Preferred Savings and Loan Association, Inc. that Cianbro Corporation had not properly perfected its mechanic's lien and the lien should be dissolved. Upon Cianbro's appeal to the circuit court, the trial judge reversed the Master's conclusion of law and held the mechanic's lien was properly perfected. The construction lender, Preferred Savings and Loan Association, appeals the decision of the circuit court concerning the mechanic's lien. We reverse the decision of the circuit court.

The property is a condominium project located in Garden City, South Carolina. The multiphase project is composed of several hundred residential condominium units, commercial condominium units, a parking deck, restaurant, pool, lobby area, and other common elements. Cianbro Corporation was the general contractor under a fixed price contract. Preferred Savings and Loan Association was the construction lender under a note and mortgage dated March 1, 1983. Cianbro began work on the project in March of 1983. The residential condominium units were completed prior to the other parts of the project. Beginning in June 1984, the developer, Royal Garden Resort Inc., started conveying the condominium units in the residential tower to purchasers as the units were completed.

Once the project reached "substantial completion" as defined in the construction contract, Cianbro served and filed a Notice of Mechanic's Lien on August 13, 1984. The notice stated Royal Garden Resort Inc. was indebted to Cianbro in the amount of $777,794.74 on account of labor performed or materials furnished. The notice indicated less than ninety days had elapsed since the labor and/or materials had been performed or furnished. On September 18, 1984, Cianbro filed an Amended and Restated Notice of Mechanic's Lien claiming a debt of $639,250.39 as of August 13, 1984. The record indicates the amended sum reflected payments re-

ceived in the interim. Cianbro continued to work on the project until mid-November, 1984, when the project was finally completed. Cianbro filed its Lis Pendens, Summons, and Petition to Foreclose Mechanic's Lien on April 2, 1985. Preferred Savings and Loan Association Inc. filed its action to foreclose its mortgage on June 18, 1985. The actions were consolidated for trial.

## I.

The central issue of this case is whether Cianbro has a properly perfected mechanic's lien. Mechanic's liens in South Carolina are purely statutory and may only be acquired and enforced in accordance with the statutes creating them. *Multiplex Building Corp. v. Lyles*, 268 S. C. 577, 235 S. E. (2d) 133 (1977); *Shelley Construction Co. v. Sea Garden Homes Inc.*, 287 S. C. 24, 336 S. E. (2d) 488 (Ct. App. 1985). *S. C. Code Ann.* Section 29-5-90 (1976) provides for the service and filing of a statement of account by the person seeking to avail himself of the lien. Under the section, the statement of account designating the amount due must be served and filed "within ninety days after he ceases to labor on or furnish labor or materials for such building or structure." Under Section 29-5-120, the lien is dissolved unless a suit enforcing the lien and a notice of pendency of the action is filed "within six months after the person desiring to avail himself [of the lien] ceases to labor on or furnish labor or material for such building or structures." A failure to take any of the enumerated steps results in the lien against the property being dissolved. *Shelley*, 287 S. C. 24, 336 S. E. (2d) 488.

The Master concluded Cianbro's mechanic's lien expired prior to commencement of its suit to foreclose. The Master concluded the statutes require a Notice of Mechanic's Lien to be filed and "within the proper time an action brought to foreclose the Mechanic's Lien or otherwise a third party or title examiner cannot rely on the statutes in examining the public records to determine if there are in fact any liens on the property."

On appeal, the Circuit Court overruled the Master's conclusions of law. The Circuit Court held Section 29-5-90 did not prohibit early filing of the notice. Under the trial judge's

interpretation, the ninety day filing period operates as a deadline beyond which the notice is ineffectual but the statute does not require complete cessation of all work before the notice is filed. The trial judge also held suit was timely under Section 29-5-120 because it was brought within six months of the date of the last performance of work, i.e., November 22, 1984.

## II.

At oral argument, counsel for Preferred asserted Cianbro's mechanic's lien was not properly perfected because the filing of its suit to foreclose did not comply with *S. C. Code Ann.* Section 29-5-120 (1976). The crux of Preferred's position is that once Cianbro filed a notice of mechanic's lien asserting it had ceased to perform labor on or supply materials to a building or structure, it is implicit that with respect to the claim represented by the lien, the work has already ceased and the six months limitations period for enforcing the lien must necessarily commence no later than the date of filing of the notice of lien. As we understand the issue, it is not the same question discussed in *Willard v. Finch,* 121 S. C. 1, 113 S. E. 302 (1922). In *Willard v. Finch,* the contractor made a mistake in his notice as to the date of ceasing work. For purposes of the timing of suit, he asserted he ceased work six days later than the date specified in his notice. Unlike this case, the *Willard* case dealt with two dates occurring *before* the filing of the notice of lien, not one date before and one date after.

We agree with Preferred that Sections 29-5-90 and 29-5-120 have a logical relationship. Under the statutory procedure, the lien arises, inchoate, when the labor is performed or the materials are furnished. *Williamson v. Hotel Melrose,* 110, S. C. 1, 96 S. E. 407 (1918). When a party files a notice of lien under Section 29-5-90 he is asserting that at a time within ninety days before the notice he has performed work for which he is entitled to assert a lien. As a further step in perfecting this lien, the party must also file suit to foreclose the lien within six months from the time he ceased to perform the work. Logically, the two statutes look to the same point in time. Because the party asserts in his notice the work has already been performed, the date of cessation

of the labor for which the lienor seeks payment must be a date before the notice of lien is filed and not after.

Cianbro's position is potentially misleading to the public relying upon filed records to determine the status of title to property. A record examiner should be able to review a filed notice of mechanic's lien and determine with some certainty whether suit to foreclose has been properly instituted. If we accept Cianbro's position, a title examiner who finds a notice of lien of record would have no way of ascertaining from those records whether or not the lien was valid and subsisting at the time of the examination. *Cf. Strickland v. General Building and Masonry Contractors*, 22 N. C. App. 729, 207 S. E. (2d) 399 (1974).

### III.

The final issue in this case is a procedural one. The case was referred to the Master for a hearing. The Master filed his report on June 20, 1986. The parties were served with copies of the report by mail on that day. On June 26, 1986, counsel for Cianbro sent a letter to the Master with copies to counsel for the other parties. In the letter, counsel for Cianbro indicated he would take exception to the report and would file notices of taking exception within the next few days. The letter went on to address another matter of concern to counsel. The record indicates Cianbro filed a document entitled "Notice of Intent to Appeal and Take Exception to Master's Report" on or about June 27, 1986. It appears there was some confusion as to whether all parties received a copy of this document in the mail. On July 16, 1986, counsel for Cianbro sent a letter to all opposing counsel indicating there was some question whether all counsel had received a copy of the notice in a letter of June 30, 1986. The July letter enclosed a copy of the notice. The record indicates Cianbro filed exceptions to the Master's report on July 25, 1986.

Preferred argues Cianbro did not give proper notice of its intent to file exceptions to the Master's report. S.C.R.Civ.P. 53(e)(2) states a party intending to take exception to the report must serve notice of intention to take exceptions upon the other parties within ten (10) days after being given notice of the filing of the report. The exceptions must be

served in writing within thirty (30) days after the notice. Preferred asserts the letter of June 26, 1986 did not comply with the requirement of notice. Apparently, Preferred contends it did not receive the formal notice document until the letter of July 16, 1986. We note from the record this formal notice document, filed June 27, 1986, is styled as a pleading with the caption of the case and contains language that Cianbro appeals from and takes exception to the Master's Report.

S.C.R.Civ.P. 53 does not contain a requirement of a particular form of notice. This is in comparison to Supreme Court Rule 1, Section 1 and Official Form No. 1. The circuit court judge found Cianbro had complied with the spirit of Rule 53 by its letter of June 26, 1986, in which it stated its intent to take exceptions to the report. Preferred does not assert it failed to receive the June 26 letter. In the context of this case, we concur with the trial judge that Cianbro gave notice of intention to take exceptions within ten days. Preferred does not argue the exceptions were untimely.

Because Cianbro has not properly perfected its mechanic's lien by timely instituting suit to foreclose, the lien is dissolved. The decision of the circuit court is

Reversed.

SHAW and GOOLSBY, JJ., concur.