23114

PREFERRED SAVINGS AND LOAN ASSOCIATION, INC., Respondent v. ROYAL GARDEN RESORT, INC., Royal Garden Regime Homeowners Association, a/k/a Royal Garden Resort Condominium Homeowners Association, Inc., Cianbro Corporation; Carolina Furniture Sales, Commercial Communications, Inc., General Electric Company; George S. Hirsch, Ward Hulbert, as Trustee for Hulbert, Inc., Profit-Sharing Trust, and Hulbert, Inc. Pension Plan, Kenneth R. Sanders, Robert H. Quattlebaum, Shirley Treadway, d/b/a S. & M. Lawn Services, Darlene M. Appel, Keith K. Appel, Patricia T. Burk, William J. Burk, Rebecca S. Howard, Whitfield M. Howard, Daniel B. Jordan, Marian M. Jordan, Etta M. Near, Jerome A. Near, Phyllis A. Stickney, Roland F. Stickney, Diana V. Stone, Gregory G. Stone, William H. Cooper, Jesse C. Atchley, Ralph Tom White, II, individually and as General Partners of Pintail Properties, a North Carolina General Partnership; and Robert Foster, of whom Cianbro Corporation is Petitioner.

(389 S. E. (2d) 853)

Supreme Court

*Otis Allen Jeffcoat, III,* and *G. Michael Smith, Jeffcoat & Martin,* Myrtle Beach, *for petitioner.*

*W. Haigh Porter, David Michael Ballenger,* and *Mary Layton Wells,* Florence, *for respondent.*

Heard April 17, 1989.

Decided Feb. 20, 1990.

CHANDLER, Justice:

In this action between a construction lender (Preferred Savings) and a general contractor (Cianbro), the Court of Appeals held that Cianbro's mechanic's lien was invalid for failure to timely commence suit to foreclose. *Preferred Sav. & Loan Ass'n v. Royal Garden Resort, Inc.*, 295 S. C. 268, 368 S. E. (2d) 78 (Ct. App. 1988). We granted certiorari and now affirm.

## FACTS

Cianbro entered into a single fixed-price contract with the owner (Royal Garden) to construct a condominium project, for which Preferred Savings was the lender.

The project was substantially completed by June, 1984, at which time Cianbro was entitled to the remaining balance due under its contact. Cianbro served and filed a Notice of Mechanic's Lien on August 13, 1984. On September 18, 1984, it filed an Amended and Restated Notice of Mechanic's Lien, reflecting payments received in the interim. It continued to work until November, 1984, when the project was finally completed. Suit to foreclose the lien was not commenced until April 2, 1985, over seven months after the August 13, filing, and more than six months after the September 18 filing.

## ISSUE

Did the Court of Appeals err in holding that Cianbro failed to timely commence suit to foreclose its mechanic's lien?

## DISCUSSION

A mechanic's lien arises, inchoate, when labor is performed or material furnished. *Williamson v. Hotel Melrose*, 110 S. C. 1, 96 S. E. 407 (1917). However, to be valid, the lien must be perfected and enforced in compliance with the Mechanic's Lien Statutes, S. C. Code Ann. §§ 29-5-10 to -430 (1976). *See Lowndes Hill Realty Co. v. Greenville Concrete Co.*, 229 S. C. 619, 93 S. E. (2d) 855 (1956).

Section 29-5-90, mandating service and filing of a certificate of lien, provides in pertinent part:

> Such a lien shall be dissolved unless the person desiring to avail himself thereof, within ninety days *after* he ceases to labor on or furnish labor or materials for such building or structure, serves upon the owner ... a statement of a just and true account of the amount *due* him, with all just credits given ... which certificate ... shall be recorded in a book kept for the purpose by the register of clerk.... [Emphases supplied].

The Court of Appeals concluded that "[w]hen a party ■ files a notice of lien under [this statute] he is asserting that at a time within ninety days before the notice he has performed work for which he is entitled to assert a lien." 295 S. C. at 272, 368 S. E. (2d) at 81. We agree. The statute requires that the certificate include a statement "of the amount *due* him," and that it be filed "within ninety days *after* he ceases to labor." The clear meaning of this language is that the labor contemplated in the filed statement has already been performed within 90 days prior to the filing.

Section 29-5-120 contains the limitations period for ■ commencing suit to foreclose a mechanic's lien. This statute reads:

Unless a suit for enforcing the lien is commenced, and notice of pendency of the action is filed, within six months after the person desiring to avail himself thereof ceases to labor on or furnish labor or material for such building or structures, the lien shall be dissolved.

We agree with the Court of Appeals that § 29-5-120 and § 29-5-90 "look to the same point in time." Both time limits run from the same event: the certificate of lien must be filed within 90 days, and the foreclosure suit must be commenced within six months, *after* the contractor "ceases to furnish labor or materials."

The effect of these provisions is that the six month ■■ limitations period for enforcing the lien necessarily commences *no later than* the date the certificate of

lien is filed.[1] If suit is not commenced within six months after the date of filing, title examiners may assume that the mechanic's lien is dissolved.

We reject Cianbro's contention that the limitations period does not commence until *all* labor ceases, without regard to the date and time the requisite certificate of lien is filed. It eschews a reading of the statutes together and, if upheld, would create uncertainty and confusion in the examination and certification of titles to real property. Examiners would be required to move beyond the records on file at the county courthouse to determine whether labor was performed or materials furnished subsequent to the date of the lien filing.

## CONCLUSION

Cianbro did not timely commence suit to foreclose its mechanic's lien. Accordingly, the Court of Appeals' judgment dissolving the lien is affirmed.

Affirmed.

GREGORY, C. J., FINNEY, J., and Acting Associate Justice BRUCE LITTLEJOHN, concur.

TOAL, J., dissenting in separate opinion.

TOAL, Justice (dissenting):

I respectfully dissent. I would hold that Cianbro has validly perfected its lien and is entitled to foreclose. I would therefore reverse the Court of Appeals and affirm the Circuit Court.

Under the terms of its contract, Cianbro was entitled to progress payments as construction proceeded. When the project reached "substantial completion," as contractually defined, Cianbro was entitled to the entire amount of its fixed price. The residential condominium units were completed prior to the other parts of the project. The developer

---

[1] If the certificate of lien is filed on the date that labor ceases, suit must be brought within six months thereafter. For each additional day between the date of cessation of labor and the date of filing, the time between filing and commencement of suit is reduced by one day. Thus, if the certificate were filed on the 90th day after cessation of labor, suit must be commenced three months after the filing.

proceeded to sell completed residential units to innocent third party purchasers. These sales, of course, were diminishing the amount of security Cianbro could look to if it filed a mechanic's lien on the property and later foreclosed. Further, Cianbro was experiencing difficulty in collecting certain progress payments.

Consequently, after the project reached "substantial completion," Cianbro decided to protect itself by serving and filing a Notice of Mechanic's Lien on August 13, 1984, for the entire fixed price. Cianbro continued to work on the project until it was fully completed in November, 1984. Cianbro filed its Lis Pendens, Summons, and Petition to Foreclose Mechanic's Lien on April 2, 1985.

Preferred Savings and Loan Association, the construction lender on the project, filed its action to foreclose its mortgage on June 18, 1985. Preferred's mortgage foreclosure and Cianbro's mechanic's lien foreclosure were consolidated for trial. Preferred takes the position that Cianbro did not have a properly perfected mechanic's lien, and that Cianbro's lien was dissolved in any event for failure to comply with S. C. Code Ann. § 29-5-90 (Law.Co-op.1976). Cianbro received a favorable ruling from the Circuit Court judge, but the Court of Appeals reversed, agreeing with Preferred's position, in *Preferred Sav. & Loan Ass'n. v. Royal Garden Resort, Inc.*, 295 S. C. 268, 368 S. E. (2d) 78 (Ct. App. 1988). The majority now affirms, incorrectly in my view.

As the majority points out, the mechanic's lien arises inchoate when the labor is performed or the materials are furnished. *See Williamson v. Hotel Melrose*, 110 S. C. 1, 96 S. E. 407 (1917). I agree that to be valid, the lien must be perfected and enforced in compliance with the Mechanic's Lien Statutes, S. C. Code Ann. §§ 29-5-10 to -430 (Law.Co-op.1976). Two statutory sections in particular are of import here: § 29-5-90 and § 29-5-120.

Section 29-5-90, dealing with the service and filing of a certificate of lien, reads in part:

> Such a lien shall be dissolved unless the person desiring to avail himself thereof, within ninety days after he ceases to labor on or furnish labor or materials for such building or structure, serves upon the owner ... a state-

ment of a just and true account of the amount due him....

Section 29-5-120, dealing with commencing suit to foreclose a mechanic's lien, reads:

Unless a suit for enforcing the lien is commenced, and notice of the pendency of the action is filed, within six months after the person desiring to avail himself thereof ceases to labor on or furnish labor or material for such building or structures, the lien shall be dissolved.

In my view, there is no question but that Cianbro complied with each of these statutes. With regard to § 29-5-120, Cianbro clearly commenced suit to foreclose within six months after it "ceased to labor." The uncontroverted evidence was that Cianbro completed all work in November, 1984, and filed its Lis Pendens, Summons, and Petition to Foreclose Mechanic's Lien on April 2, 1985.

Cianbro also complied with § 29-5-90 in my opinion. I agree with the Court of Appeals' and majority's views that "(w)hen a party files a notice of lien under (§ 29-5-90) he is asserting that at a time within ninety days before the notice he has performed work for which he is entitled to assert a lien." 295 S. C. at 272, 368 S. E. (2d) at 81. Here, Cianbro had "substantially completed" the condominium project in June of 1984, and thus at that time had "performed work for which (it) was entitled to assert a lien." Cianbro then filed notice of its lien on August 13, 1984.

At one point in the opinion, the majority appears to imply that the notice filing under § 29-5-90 must take place after *all* work has ceased. This Court has never interpreted § 29-5-90 to mean such. Instead, this Court has interpreted this section as providing an outside time limitation. By this I mean that one may file notice *as late as* ninety days after cessation of *all* work, but one need not wait that long. One may also file notice after one has completed the work which entitles one to be fully paid.[1] *Wood v. Hardy*, 235 S. C. 131,

---

[1] As here, where Cianbro had "substantially completed" the work on the project, and thus was contractually due the entire contract sum.

110 S. E. (2d) 157 (1959) clearly supports this interpretation of the statute.

In *Wood*, it was asserted that the mechanic's time for filing notice of his lien had expired. The mechanic had performed substantially all of the work at an earlier date, but had chosen to wait until he had completed *all* work before he filed his notice. The work done after substantial completion was characterized by this Court as "insignificant work." We held that even though insignificant, work of *any* value performed in good faith and pursuant to contract will allow the ninety day period to begin after that last work is complete. Surely one cannot read *Wood* to imply that the mechanic would have invalidly filed if he had done so before he had performed the "insignificant" work. *Wood* implicitly demonstrates that the ninety day after cessation period is a maximum or outside time limitation only.

What the Court of Appeals and majority are really doing is reading something into the statute that simply is not there. The majority's view in a nutshell is that the six month period of § 29-5-120 begins no later than the date of the filing of the certificate of lien. However, § 29-5-120 does not mention the "date of filing of the certificate of lien," but instead explicitly reads that its six month period begins after cessation of labor or the furnishing of materials. As mentioned above, Cianbro ceased work in November 1984, and commenced its foreclosure action within six months thereof. To say that Cianbro did not comply with § 29-5-120 is to read into the section requirements that do not exist.

The majority fears that my view would cause confusion and uncertainty in title examination. I submit that any examiner worth his salt would take exception to the presence of an unsatisfied lien, regardless of when it was filed. Further, the majority's rationale that title examiners must be protected from confusion is suspect, in light of the uncertainty already built into the process.

To start, records examiners must be wary when reading a completion of work date set out in the § 29-5-90 notice filing. In *Willard v. Finch*, 121 S. C. 1, 113 S. E. 302 (1922), we held that the suit to foreclose must be commenced six months from the date the mechanic *actually* ceased labor, not six months from the date, if any, stated in the § 29-5-90 notice.

of lien. Further, assuming the majority view to be correct in their construction of §§ 29-5-90 and -120, a title examiner will be faced with the uncertainty of a three month "gap" period. Assuming a mechanic filed his § 29-5-90 notice on the date he ceased labor, he would have a full six months to commence suit under § 29-5-120. Assuming he filed his § 29-5-90 notice three months (90 days) after he ceased labor, he would only have three months remaining to commence suit under § 29-5-120.[2] This hardly makes for an example of records reliability and certainty.

These signs of obvious unreliability for the record examiner lead me to the conclusion that the notice of § 29-5-90 was meant only to make others aware of the existence of a lien and of its amount. The date of final completion of the work is in my opinion to be determined by other means, as, for example, by affidavit. These other means will have to be resorted to under the majority view as well, except in those cases when the records indicate that a foreclosure suit has not been commenced within six months after the date of filing of the § 29-5-90 notice.

Cianbro is in my opinion being unfairly prejudiced because it was diligent in acting to protect its rights and/or because it graciously completed all construction on the project. Cianbro had every right to completely cease work and demand its full fixed price on August 13, 1984, since it had "substantially completed" the project. Cianbro continued to work and completed the project as an accommodation to Preferred, the lender, and Royal Gardens, the developer. For Cianbro to now lose its lien, thereby benefitting the aptly named lender, Preferred, is inequitable. In my view, Cianbro fully complied with the statutes and interpretive case law in filing notice and commencing suit. I would affirm the Circuit Court, hold that Cianbro's lien was not dissolved, and allow Cianbro to foreclose.

---

[2] The records examiner is, as mentioned above, unable to ascertain from the § 29-5-90 notice when the mechanic ceased work on the project.