1600

CHARLESTON LUMBER COMPANY, INC., Appellant v. GPT, A FLORIDA PARTNERSHIP, Sol Proctor, as general partner; Metal Builders of South Carolina, Inc. and William P. Grant, Respondents.

(400 S.E..(2d) 508)

Court of Appeals

*Steven L. Smith*, of *Smith & Associates, P.A.*, North Charleston, *for appellant.*

*H. Brewton Hagood*, of *Rosen, Rosen & Hagood*, Charleston, *for respondents.*

Heard Dec. 4, 1990.

Decided Jan. 21, 1991.

LITTLEJOHN, Acting Judge:

Plaintiff, Charleston Lumber Company, Inc. (Mechanic) Appellant herein, brought this action against Defendant GPT, a Florida Partnership, Sol Proctor, as general partner (Owner) Respondent herein, to foreclose a mechanic's lien on property of the Owner.[1] Mechanic was the only materialman which had perfected a mechanic's lien at the time of the hearing. The trial court allowed the Mechanic only 35 per cent of its claim. The Mechanic appeals; we reverse and remand.

## FACTS

The Owner of the property contracted with Metal Builders of South Carolina to construct a warehouse on its land for

---

[1] Other original Defendants are not concerned with this appeal.

$409,880. The Mechanic supplied $11,160 in materials to the project. On March 1, 1988 the Owner paid Metal Builders $353,880 for work performed, leaving a balance due on the contract of $56,000.

On May 30, 1988, within ninety days allowed by the statute, the Mechanic filed, recorded and served its mechanic's lien in compliance with the Mechanic's Lien Statute, South Carolina, Ann., § 29-5-10 *et seq.* (1976). At that time Metal Builders owed $155,916.91 to all its various subcontractors and materialmen supplying the project. The Mechanic and one other supplier (Advance Plumbing Service which later settled) were the only materialmen to file a mechanic's lien.

The Owner settled the claims of all nonfiling materialmen for a total of $121,047.41 prior to expiration of the time period of filing a notice of lien on the property. The non-filing claimants received an average of 77 per cent of their outstanding debts; the Mechanic was allowed only 35 per cent of its $11,160 claim. This 35 per cent figure was arrived at by dividing the amount owed on the contract, $56,000, by the amount owed to all the claimants, $155,916.91.

All facts were stipulated and the only issue before the trial court was whether the Owner should be permitted to reduce the claim of the only filing materialman in the fashion described hereinabove. The trial court in effect held that the filing Mechanic here should be allowed only the amount it would have received had all nonfiling materialmen perfected their liens. The court rationalized that the Mechanic was not prejudiced by the pro rata distribution because if the non-filing materialmen had perfected a lien the Mechanic would have only been entitled to 35 per cent of its claim.

We disagree and hold that the Mechanic's claim is the only just claim contemplated by South Carolina Code, Ann., § 29-5-60.

## ANALYSIS

The long standing rule in this state is that no priority is afforded between perfected holders of mechanic's lien, and they must share pro rata in the fund remaining on the contract price. *Lowndes Hill Realty Co. v. Greenville Concrete Co.*, 229 S.C. 619, 93 S.E. (2d) 855 (1956). This case, however, is of first impression in South Carolina because here, un-

like *Lowndes Hill*, the statutory time period for filing mechanic's liens had not expired when the Owner settled with the other materialmen.

South Carolina Code, Ann., § 29-5-60 (1976) requires that the owner pay the lien holders in a pro rata manner.

In the event the amount due the contractor by the owner shall be insufficient to pay all the lienors acquiring liens as herein provided it shall be the duty of the owner *to prorate among all just claims* the amount due such contractor. (Emphasis Added.)

We find that the statute is clear; it requires the owner of property to "prorate among all just claims the amount due such contractor." South Carolina Code, Ann., § 29-5-60. We must take the Mechanic's Lien Statute as we find it and not depart from the plain meaning of the language. *Clo-Car Trucking v. Clifflue Estates*, 282 S.C. 573, 320 S.E. (2d) 51 (Ct. App. 1984). The Mechanic's Lien Statute does not have a provision giving credit for owners who on their own settle claims of non-perfected lien holders.

The question becomes what is a "just claim" under this section. A mechanic's lien arises, inchoate, when labor is performed or material furnished. However, to be valid it must be perfected and enforced in compliance with the Mechanic's Lien Statutes. *Preferred Savings and Loan Assoc., Inc. v. Royal Garden Resort, Inc.*, 295 S.C. 268, 368 S.E. (2d) 78 (Ct. App.), aff'd. 389 S.E. (2d) 853 (S.C. 1990). To perfect a lien the materialman must give notice to the owner, serve and record a certificate of lien within ninety days after he ceases to furnish material, and bring suit to foreclose the lien within six months. *Lowndes Hill*. A person employed by someone other than the owner, must notify the owner of the furnishing of labor or material before the lien attaches. *Shelley Construction Co. v. Sea Garden Homes, Inc.*, 287 S.C. 24, 336 S.E. (2d) 488 (Ct. App. 1985). We hold that once the lien attaches then he was a "just claim." The Mechanic did just that by filing and serving its mechanic's lien on the Owner. The Mechanic cites *Lowndes Hill* as support for this contention. In *Lowndes Hill* the court found that just claims "means the just claims of all lienors 'acquiring liens as herein provided.'" *Id.*, 229 N.C. at 637, 93 S.E. (2d) at 864.

The Owner paid potential lien holders. The fact that the ninety days to serve mechanic's liens did not expire does not change the result. We refuse to speculate whether those materialmen who settled with the Owner would have filed and could prove a mechanic's lien. The Mechanic held a perfected lien under the statute and as the only perfected lien holder, it is entitled to the protection which the statute provides. From the facts stipulated, the Master awarded the Mechanic the least amount he could have possibly received had all the other materialmen perfected, while the non-filing materialmen received a minimum of 66 per cent of their claims and an average of 77 per cent. Since the Mechanic is the only remaining perfected lien holder, it is entitled to 100 per cent of its claim and may apply for attorney fees.

Reversed and remanded.

SANDERS, C.J., and GARDNER, J., concur.