10 F.3d 806
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CIANBRO CORPORATION, Plaintiff-Appellant,
v.
JEFFCOAT & MARTIN, a South Carolina general partnership;
Otis Allen Jeffcoat, III; G. Michael Smith; Lumpkin &
Sherrill, A South Carolina General Partnership; Alva M.
Lumpkin; Henry F. Sherrill; William H. Townsend; C. Joseph
Roof; Albert L. Moses; Carl L. Holloway, Jr.,
Defendants-Appellees,
and
David E. Martin, Defendant.
 No. 92-2368.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 27, 1993.
Decided: November 22, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia.
 W. Thomas Vernon, King & Vervon, P.A., Columbia, South Carolina, for Appellant.
 James Warner Alford, Barnes, Alford, Stork & Johnson, Columbia, South Carolina; Wilburn Brewer, Jr., Nexsen, Pruet, Jacobs & POLLARD, Columbia, South Carolina, for Appellees.
 R. Lewis Johnson, Barnes, Alford, Stork & Johnson, Columbia, South Carolina; Elizabeth M. McMillan, Nexsen, Pruet, Jacobs & Pollard, Columbia, South Carolina, for Appellees.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Appellant Cianbro Corporation ("Cianbro") brought this legal malpractice action against appellee Otis Allen Jeffcoat, III ("Jeffcoat"), alleging that Jeffcoat negligently failed to bring suit to foreclose a mechanic's lien within the statute of limitations, thus rendering the lien invalid. The other appellees, Jeffcoat's partners, were sued on a theory of vicarious liability. The district court granted summary judgment for appellees. We affirm.
 
 
 2
 Cianbro had entered into a contract with Royal Garden Resort, Inc. ("Royal Garden") to construct a condominium project, for which Preferred Savings ("Preferred") was the lender. Royal Garden's obligation to Preferred was secured by a mortgage on the project. Because of concerns with Royal Garden's finances, and while construction was continuing, Cianbro asked Jeffcoat to file a mechanic's lien against the project. Jeffcoat filed notice of the lien on August 13, 1984. Cianbro completed work on the project in November 1984.
 
 
 3
 At the time, the applicable state lien statutes read as follows:
 
 
 4
 Such a lien shall be dissolved unless the person desiring to avail himself thereof, within ninety days after he ceases to labor on or furnish labor or materials for such building or structure, serves upon the owner ... a statement of a just and true account of the amount due him....
 
 
 5
 S.C. CODE ANN. Sec. 29-5-90 (1976).
 
 
 6
 Unless a suit for enforcing the lien is commenced, and notice of pendency of the action is filed, within six months after the person desiring to avail himself thereof ceases to labor on or furnish labor or material for such building or structures, the lien shall be dissolved.
 
 
 7
 S.C. CODE ANN. Sec. 29-5-120 (1976).
 
 
 8
 In April 1985, Jeffcoat filed a lis pendens, summons, and petition to foreclose the lien. In June, Preferred began a mortgage foreclosure action; the two cases were consolidated. The question of priority between Cianbro and Preferred was ultimately resolved by the South Carolina Supreme Court. See Preferred Savings & Loan Assoc., Inc. v. Royal Garden Resort, Inc., 301 S.C. 1, 389 S.E.2d 853 (1990).
 
 
 9
 In Preferred, the South Carolina Supreme Court held, notwithstanding the plain language of Sec. 29-5-120, that the six month limitations period for enforcing the lien necessarily began "no later than the date the certificate of lien is filed." Id . at 4, 389 S.E.2d at 855. On this reasoning, it was irrelevant that less than six months had passed between the date Cianbro "cease[d] to labor on" the project and the date of suit. Because the suit was filed more than six months after Jeffcoat filed the notice of lien, the lien was dissolved. Cianbro thereupon sued appellees for malpractice.
 
 
 10
 The district court granted summary judgment for appellees on the ground that Cianbro failed to establish a genuine issue of material fact with respect to one essential element of its negligence case-namely, the applicable standard of care from which Jeffcoat's conduct allegedly deviated. Under South Carolina law, in professional malpractice cases, plaintiffs ordinarily must establish by expert testimony the specific duty of care owed to them by the professional. Cianbro failed to present any expert testimony in support of its motion for summary judgment. Instead, it relied on the "common knowledge" exception to the expert testimony rule. Under that exception, expert testimony is not required when professional negligence is so obvious that "no special learning is needed to evaluate the conduct of the defendant," Pederson v. Gould, 288 S.C. 141, 143, 341 S.E.2d 633, 634 (1986). The district court rejected Cianbro's argument, reasoning that Jeffcoat was neither ignorant of nor indifferent to the limitations period contained in Sec. 29-5-120. Indeed, by commencing suit less than six months after Cianbro had ceased to labor on the project, Jeffcoat had complied with the statute's plain terms, thus demonstrating an exercise of care. Cianbro was hence required to come forward with expert testimony as to what a reasonable lawyer would have done in Jeffcoat's circumstances, and its failure to do so was fatal to its case.
 
 
 11
 Having considered the arguments of the parties, we are persuaded by the thorough opinion of the district court. We therefore affirm that court's judgment for the reasons stated in its opinion. Cianbro Corporation v. Jeffcoat and Martin, No. CA-91-376-19 (D.S.C. Oct. 8, 1992).
 
 AFFIRMED