THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Dutch Fork Development Group II LLC, & Dutch Fork Realty, LLC, Appellants,
 v.
 SEL Properties, LLC & Stephen E. Lipscomb, Respondents.
 
 
 

Appeal From Richland County
 James W. Johnson, Jr., Circuit Court Judge

Unpublished Opinion No. 2007-UP-100
Submitted December 1, 2006  Filed February 23, 2007

AFFIRMED

 
 
 
 M. Turner Pope, Jr., Glenn E. Bowens, and Tony S. Catone, all  of Blythewood, for Appellants.
 Camden Lewis, Keith M. Babcock and Brady R. Thomas, all of Columbia, for Respondents.
 
 
 

PER CURIAM:  Dutch Fork Development Group II and Dutch Fork Realty (collectively referred to hereinafter as Dutch Fork) appeal the trial courts quashing of three notices of lis pendens filed on real estate owned by SEL Properties, LLC.  We affirm.[1] 
FACTS
In November 2000 and October 2002, Dutch Fork entered into two separate contracts with SEL.  Each contract provided Dutch Fork would develop, market, and sell certain real property owned by SEL; the November 2000 contract covers phases I, II, and III of SELs development, while the October 2002 contract covers phase IV of SELs development, which encompasses separate property located in close proximity to the original development.  Under the terms of the contracts, SEL agreed to pay Dutch Fork certain monthly compensation for the services provided.  In addition, the contracts gave Dutch Fork: (1) the exclusive right to sell the developed lots and receive a 10% commission upon closing the sale; and (2) the right to receive 25% of the net profits from the lots sold.  
In February 2005, Dutch Fork filed an action against SEL alleging causes of action for breach of contract, conversion, and tortious interference with contract.  Thereafter, Dutch Fork filed a lis pendens affecting land owned by SEL in phases I, II, and III on March 4, 2005.  Dutch Fork filed a second lis pendens affecting the same property on April 6, 2005.  Finally, on April 8, 2005, Dutch Fork filed another lis pendens affecting SEL land in phase IV.  
Subsequently, SEL filed this action to Quash Lis Pendens.  After a hearing, the trial court found the notices of lis pendens did not comply with section 15-11-10 of the South Carolina Code (2005) because the underlying action allegedly giving rise to each lis pendens did not affect title to real property.  Thus, the trial court ordered the cancellation of each lis pendens.  This appeal followed.       
LAW/ANALYSIS
I.  Real Property Affected 
Dutch Fork argues the trial court erred in finding each lis pendens does not comply with section 15-11-10.  Specifically, Dutch Fork contends the action giving rise to the notices of lis pendens affects real property, and therefore, the trial court erred in granting SELs motion to quash each lis pendens.  We disagree.  
In reviewing a lis pendens, courts generally look only to the underlying cause of action to determine whether the action comes within the provisions of the lis pendens statute.  54 C.J.S. Lis Pendens § 40 (2005).  Since the filing of a lis pendens is an extraordinary privilege granted by statute, strict compliance with the statutory provisions is required.  Pond Place Partners, Inc. v. Poole, 351 S.C. 1, 17, 567 S.E.2d 881, 889 (Ct. App. 2002).  Generally, [t]he lis pendens statute applies to an in rem interest in real estate that affects either the title to the property, or a right to the possession of it.  51 Am. Jur. 2d Lis Pendens § 19 (2000).  [I]n order to invoke the doctrine of lis pendens, it is not sufficient that a property be the source out of which the plaintiff will be compensated.  Rather, the property that is described for the purpose of invoking the doctrine must be at the very essence of the controversy between the litigants.  Id.
The purpose of a notice of pendency of an action is to inform a purchaser or encumbrancer that a particular piece of real property is subject to litigation.  Shelley Constr. Co., v. Sea Garden Homes, Inc., 287 S.C. 24, 30, 336 S.E.2d 488, 491 (Ct. App. 1985).  The filing of a lis pendens places a cloud on title and prevents the owner from freely disposing of the property before the litigation is resolved.  Id. at 30, 336 S.E.2d at 491-92.  
In Pond Place Partners, this court explained the principal reason for allowing the filing of a lis pendens: 

 The lis pendens mechanism is not designed to aid either side in a dispute between private parties. Rather, lis pendens is designed primarily to protect unidentified third parties by alerting prospective purchasers of property as to what is already on public record, i.e., the fact of a suit involving property. Thus, it notifies potential purchasers that there is pending litigation that may affect their title to real property and that the purchaser will take subject to the judgment, without any substantive rights.

351 S.C. at 17, 567 S.E.2d at 889. 
In South Carolina, a lis pendens may be filed [i]n an action affecting the title to real property.  S.C. Code Ann. § 15-11-10 (2005).  [A]n action affecting the title to real property clearly allows the filing of a lis pendens by an interested party in order to protect their ownership interest in the property subject to the litigation.  Pond Place Partners, 351 S.C. at 17, 567 S.E.2d at 889.  Such actions include: (1) actions attempting to set aside a fraudulent conveyance of real property; (2) actions to establish a constructive trust over real estate; (3) actions to quiet title; (4) actions to establish the existence of an easement; (5) actions to reform deeds to resolve a boundary dispute; (6) actions for specific performance; and (7) actions for mortgage foreclosure.  Id. at 17-18, 567 S.E.2d at 889-90 (citations omitted).
In the lawsuit giving rise to the notices of lis pendens, Dutch Fork only requests actual and punitive damages for injuries stemming from SELs alleged breach of contract, conversion, and tortious interference with contract.  We find Dutch Forks underlying action does not affect title to SELs real property but rather seeks money damages arising from a contractual dispute involving the development of real property.  In general, an action for money only, even if it relates in some way to specific real property, will not support a lis pendens.  54 C.J.S. Lis Pendens § 11 (2005); see also Armstrong v. Carwile, 56 S.C. 463, 476, 35 S.E. 196, 203 (1900) (holding an ordinary action on a money demand that did not in any way affect the title to real estate is not an action in which the filing of a notice of lis pendens is authorized).  
Dutch Fork argues the United States District Courts analysis of South Carolinas lis pendens statute in Finley v. Hughes, 106 F. Supp. 355 (E.D.S.C. 1952), suggests each lis pendens in this action complies with section 15-11-10.  In Finley, the court determined an action which referenced real estate and sought, in part, to establish a constructive trust allowed for the filing of a lis pendens because the action affected title to real estate.  Id. at 356.  In so finding the court held:    

 The doctrine of lis pendens applies to all suits or actions which directly affect real property, and not only those which involve the question of title, but also those which are brought to establish an equitable estate, interest, or right in specific real property or to enforce any lien, charge, or encumbrance against it, there being in some cases a lis pendens, although at the commencement of the suit there is no present vested interest, claim, or lien in or on the property which it seeks to charge.

 Id. (quoting 54 C.J.S. Lis Pendens § 9).  
Even if we adopted the United States District Courts interpretation, our analysis in this case is unaffected.  Finley is distinguishable from the subject action.  In their final issue in their brief, Dutch Fork argues equitable remedies support upholding each lis pendens.  Specifically, Dutch Fork argues a constructive trust could be established in its favor which should justify each lis pendens.  It also claims its relationship with SEL Properties was essentially a partnership and one of the objectives of this litigation was to settle the interests of the parties in the property.   However, Dutch Fork never actually asserted causes of action for constructive trust or settlement of a partnership.  Dutch Fork merely prayed for such other relief as [the] Court would deem just and proper in the complaint.  Such a broad prayer for relief cannot be considered as the basis for the filing of a lis pendens.  See  Speizman v. Guill, 202 S.C. 498, 515,  25 S.E.2d 731, 739 (1943) (The prayer is no part of the cause of action.  It cannot add anything to or take anything away from the facts pleaded.  The prayer is no part of the charging or pleading portion of the complaint, which is the controlling factor in determining what are the ultimate facts alleged.).
Thus, Dutch Fork, unlike the plaintiff in Finley, did not seek to establish a constructive trust in the underlying action.  Moreover, causes of action for breach of contract, conversion, and/or tortious interference with contract are not brought to establish an equitable estate, interest, or right in specific real property or to enforce any lien, charge, or encumbrance against it.  Finley, 106 F. Supp. at 356.  Thus, even when considering Finley, we find no error in the trial courts ruling that the notices of lis pendens do not comply with section 15-11-10.
II.  Effect of Mechanics Lien Statute
Dutch Fork contends title to real property is affected by this case because Dutch Fork has an automatic lien on the subject property arising from the mechanics lien statute, S.C. Code Ann. § 29-5-10 (Supp. 2005).  We disagree. 
Under the mechanics lien statute, any person to whom a debt is due for labor performed or materials furnished in the erection, alteration or repair of a building or structure upon real estate is given a lien on the property to secure payment of the debt.  Shelley Constr. Co., v. Sea Garden Homes, Inc., 287 S.C. 24, 26, 336 S.E.2d 488, 489 (Ct. App. 1985); § 29-5-10.  The lien arises, inchoate, when the labor is performed or the materials are furnished.  Id.  However, to be valid, the lien must be perfected and enforced in compliance with the Mechanics Lien Statutes . . . .  Preferred Sav. & Loan Assn., Inc. v. Royal Garden Resort, Inc., 301 S.C. 1, 3, 389 S.E.2d 853, 854 (1990).  In order to perfect and enforce the lien against the property, the person claiming it must: (1) serve and record a certificate of lien within ninety days after he ceases to furnish labor or materials, (2) bring suit to foreclose the lien within six months after he ceases to furnish labor or materials, and (3) file notice of pendency of the action within six months after he ceases to furnish labor or materials.  Shelley Constr. Co., 287 S.C. at 27, 336 S.E.2d at 490; S.C. Code Ann. § 29-5-90 & -120 (1991 & Supp. 2005).  As a mechanics lien is purely statutory, the requirements of the statute must be strictly followed.  Muller v. Myrtle Beach Golf & Yacht Club, 303 S.C. 137, 140, 399 S.E.2d 430, 432 (Ct. App. 1990), overruled on other grounds by Myrtle Beach Hosp., Inc. v. City of Myrtle Beach, 341 S.C. 1, 532 S.E.2d 868 (2000).   
While Dutch Fork may have an inchoate lien on SELs property,[2] Dutch Fork has not attempted to perfect the lien and, therefore, cannot enforce the lien against the property at this time.  Id.  Dutch Forks alleged inchoate lien cannot support any lis pendens filing because the inchoate lien is not mentioned as a basis for the underlying cause of action.  See 54 C.J.S. Lis Pendens § 40 (2005) (stating courts generally look only to the complaint to determine whether the action comes within the provisions of the lis pendens statute); see also, Pond Place Partners, Inc. v. Poole, 351 S.C. 1, 17, 567 S.E.2d 881, 889 (Ct. App. 2002) (Since the filing of a lis pendens is an extraordinary privilege granted by statute, strict compliance with the statutory provisions is required.).  As a result, the alleged inchoate lien cannot be used to justify the filing of any lis pendens.  
CONCLUSION
Based on the foregoing, we find the trial court did not err in quashing the notices of lis pendens.
AFFIRMED. 
ANDERSON, HUFF, and WILLIAMS, JJ. concur.   

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] We note the determination of whether Dutch Fork may enforce a mechanics lien against SELs properties is not before this court and we make no ruling on the matter.