15220

## C. I. T. CORPORATION v. CORLEY *ET AL.*

(13 S. E. (2d), 440)

*Messrs. Edens & Weinberg,* for appellant,

*Mr. Heyward Brockinton,* for respondent, T. E. Corley.

*Mr. T. P. Taylor,* for C. I. T. Corporation.

February 28, 1941.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE L. D. LIDE.

We quote the following excerpt from the statement contained in the printed Transcript of Record:

"On May 26, 1939, the C. I. T. Corporation brought suit in the Richland County Court against the defendant, T. E. Corley, to recover the possession of an automobile over which the plaintiff held a conditional sales agreement or chattel mortgage. The suit brought was the usual claim and delivery action for the possession of personal property, with affidavit and bond for the immediate possession. The defendant, T. E. Corley, filed a replevy bond and retained possession of the automobile, and in due time answered. On the 19th of June, 1939, a petition was filed by the defendant, T. E. Corley, addressed to the plaintiff and to the Hudson-Carolina Motor Company (the name was formerly Hudsex Motor Car Company), wherein the defendant, T. E. Corley, requested the Court to make the Hudson-Carolina Motor Company a party to the action.

"This motion was heard before the Honorable A. W. Holman, County Judge, and on August 22, 1939, Judge Holman issued his order refusing to make the Hudson-Carolina Motor Company a party to the action, and no appeal was taken from this order.

"Thereafter the case proceeded to trial in the Richland County Court, between the C. I. T. Corporation and T. E. Corley, and resulted in a verdict in favor of the defendant, T. E. Corley, by the jury, and sometime thereafter the County Judge granted a new trial, holding that he should have directed a verdict for the plaintiff, C. I. T. Corporation. The Hudson-Carolina Motor Company had no connection with the case after the order of August 22, 1939,

wherein Judge Holman refused the motion to make this company a party to the action.

"Nothing further happened with the case until October 1, 1940, when the defendant, T. E. Corley, served a notice of another motion upon the plaintiff and the Hudson-Carolina Motor Company, asking the Court to vacate and rescind its order of August 22, 1939, wherein the Court refused, in the first instance, to make the Hudson-Carolina Motor Company a party to the action. The motion was argued before the County Judge, and on October 5, 1940, he signed an order vacating and annulling his order of August 22, 1939, and making the Hudson-Carolina Motor Company a party to the action.

"Within due time, notice of this appeal was served upon all parties, and is from the order of Judge Holman dated October 5, 1940, wherein he vacated his former order of August 22, 1939, and made the appellant a party to the action."

This is a submitted case filed and docketed on January 2, 1941, in which the appellant filed a printed argument, but no argument was filed in behalf of the respondent. However, there was filed with the Clerk of this Court by the attorney for the respondent an original notice dated December 19, 1940, which appears to have been served on that date upon the attorneys for the appellant as well as upon the attorney for the plaintiff. This notice, which was signed by the attorney for the defendant (respondent) T. E. Corley, is as follows: "You will please take notice that the defendant, T. E. Corley, will not comply with the order of Honorable A. W. Holman, Presiding Judge of the Richland County Court, dated October 5, 1940, for the reason that since the passage of the said order, the undersigned has concluded that his Honor, the presiding Judge, erred in granting the motion of the defendant, T. E. Corley, said notice of motion being dated October 1, 1940."

The attorney for the respondent also addressed a letter to the Clerk of this Court, dated January 8, 1941, in which he

says, among other things: "As I see it, there is nothing before the Court for the Court to decide inasmuch as defendant Corley agrees with the position of the appellants. I, therefore, respectfully request that you ask the Court to dismiss the appeal on this ground."

Counsel for appellant at the close of their brief make the following statement: "Since the filing of this case for appeal the appellant has received a notice from the plaintiff Corley that he does not intend to avail himself of the order of Honorable A. W. Holman, County Judge, dated October 5, 1940. We feel that this does not change the status of the case, and that under the law of the case as it stands today the appellant is a party thereto, and the only way that this order can be revoked is by this appeal."

It is quite true that the rule is that this Court will not pass on academic questions or make any adjudication where there remains no actual controversy. *Wallingford & Russel v. Benson,* 17 S. C., 591; *Davis v. Atlantic Coast Line R. Co.,* 106 S. C., 351, 91 S. E., 325. However, in the instant case the letter to the Clerk could scarcely be regarded as equivalent to a motion, especially in view of the provisions of rule 16 of this Court. But aside from that, the suggestion of counsel for respondent is directed to a reversal upon a confession of error, rather than a dismissal of the appeal. But even where there is a confession of error, presumably duly and formally entered, it has sometimes been held that the matter remains within the discretion of the appellate Court. 5 C. J. S., Appeal and Error, § 1887, page 1377. Hence we have concluded to consider the appeal just as if it were not affected by any subsequent action of counsel for the respondent.

It is, however, so manifest that the County Judge was in error in the granting of the order dated October 5, 1940, from which this appeal is taken, that no extended discussion is necessary. For it was definitely adjudged by his previous order, dated August 22, 1939, that the appellant should not be made a party to the action,

343

and from this order no appeal was taken. Hence it became the law of the case, and the County Judge was wholly without power or jurisdiction to revoke, vacate, overrule or reverse the same. *Sharpe v. Huggins,* 114 S. C., 40, 102 S. E., 788, 789; *Eagerton v. Atlantic Coast Line R. Co.,* 175 S. Co., 209, 178 S. E., 844; *In re Bowen,* 186 S. C., 125, 195 S. E., 253; *Matheson v. McCormac,* 187 S. C., 260, 196 S. E., 883; *Mutual Building & Loan Association v. Hewson,* S. C., 12 S. E. (2d), 715. The authorities cited, as well as many others, are conclusive on the points involved. It follows therefore that the County Court's order dated October 5, 1940, which attempted to overrule the former order dated August 22, 1939, was and is null and void, and that the appellant Hudson-Carolina Motor Company has never legally been made a party to the action, and is not now a party to the same.

The order of the County Court, dated October 5, 1940, is accordingly reversed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE J. STROM THURMOND concur.