18448

FABIAN'S UPTOWN CHARLESTON, INC., Respondent, v. SOUTH CAROLINA TAX COMMISSION, and Otis W. Livingston, Robert C. Wasson, J. S. Calhoun, Jr., Harold Murph, and Sam Burts, as members of and composing the South Carolina Tax Commission, Appellants.

(146 S. E. (2d) 609)

*Messrs. Daniel R. McLeod,* Attorney General, *Joe L. Allen, Jr.,* Assistant Attorney General, and *James M. Windham,* of *Herbert, Dial & Windham,* all of Columbia, *for Appellants,*

*Messrs. G. M. Howe, Jr.,* and *Morris D. Rosen,* of *Charleston, for Respondent,*

January 27, 1966.

Moss, Justice.

Fabian's Uptown Charleston, Inc., the respondent herein, a licensed retail liquor dealer, instituted this action in January, 1964, to enjoin the South Carolina Tax Commission and its members, the appellants herein, from enforcing its rule prohibiting quantity discounts or prices in the sale of liquor by wholesalers and from taking any action subjecting any wholesaler or retailer to penalties for selling or buying liquor at quantity discounts or prices. The action in the lower Court resulted in an order granting an injunction *pendente lite* to the respondent. The appellants have prosecuted an appeal to this Court from such order.

The appeal in this case came on to be heard by this Court at the December, 1965, term. Upon the call of the case we were advised by counsel that the respondent no longer operates a retail liquor store and has surrendered its retail liquor license. The action of the respondent has rendered the issues made by this appeal moot and academic. This Court will not pass on moot or academic questions or make an adjudication where there remains no actual controversy. *C. I. T. Corporation v. Corley,* 196 S. C. 339, 13 S. E. (2d) 440. This appeal must be dismissed as presenting a moot question.

The respondent, following its announcement that it was no longer in business and had surrendered its retail liquor license, moved that its complaint be amended "to allege that this action is brought by it for its own benefit and all other retail liquor dealers similarly situated." There is no need to consider the motion as it likewise raises a moot question. Were we to allow parties similarly situated to be brought into this action, they would be retail liquor dealers now out of business and who had surrendered their retail liquor licenses, and there would still be

no actual controversy between the parties. The motion as made is refused.

Appeal dismissed.

LEWIS, BUSSEY and BRAILSFORD, JJ., concur.