22284

HAMPTON BUILDING SUPPLY, INC., Appellant, v. Jerome WILSON, Pearlie Mae Wilson, and David Drawdy, d/b/a Handyman Service, Defendants, and Farmers Home Administration, Respondent.

(328 S. E. (2d) 635)

Supreme Court

*Daniel A. Speights*, Hampton, *for appellant.*

*Glen E. Craig*, Columbia, *for respondents.*

CHANDLER, Justice:

Hampton Building Supply, Inc. (Hampton) appeals from an order of the circuit court holding that its materialman's lien against certain real property was second in priority to a mortgage of Farmers Home Administration (FHA).

We reverse.

Heard March 13, 1985.

Decided April 10, 1985.

## BACKGROUND FACTS

Defendants Jerome and Pearlie Mae Wilson (Owners) contracted with defendant Drawdy (Contractor) for repairs to their tornado-damaged residence.

FHA made a construction loan to the Owners and took a second mortgage, recorded September 9, 1980. On the same day Hampton began supplying materials for the construction.

On May 29, 1981 Hampton filed its mechanics lien for failure of Owners and/or Contractor (all of whom are in default and no longer involved in the litigation) to pay for materials furnished. FHA filed its answer on July 30, 1981, paying for sale of the property free and clear of all liens and for payment to FHA on its mortgage.

Numerous hearings were held by the circuit judge, and by the special referee, to whom the matter was three times referred. It is necessary to an understanding of this litigation that these hearings, and the resulting reports and orders, be reviewed.

On September 30, 1981 Circuit Judge James M. Morris ordered a reference to Clyde A. Eltzroth, Jr., Esquire as special referee (referee).

On November 12, the referee held a reference at which counsel for Hampton only appeared and presented evidence. In oral argument before this Court FHA admits it was given due notice and that its absence was knowing. The referee filed his report on December 21, 1981, in which he recommended that Hampton's lien be accorded priority over FHA's mortgage, and that Hampton be paid in full.

FHA filed exceptions and after a full hearing on February 2, 1982, in an order filed March 2, 1982, Circuit Judge Luke N. Brown (trial judge) affirmed that portion of the report recommending the priority of Hampton's lien and payment of Hampton.

From the trial judge's order FHA, on March 9, 1982, filed notice of appeal to the Supreme Court.

While FHA's appeal was in process the trial judge, on March 26, 1982, issued an order remanding the case to the

referee for the taking of testimony from both parties, and apparent reference to FHA's absence at the referee's reference of November 12, 1981. However, there is nothing in the transcript before us to indicate that this second reference was ever held.

Thereafter, Chief Justice Lewis, on FHA's own motion, dismissed FHA's Supreme Court appeal by order dated April 30, 1982.

On June 2, 1982 "upon an oral Motion of the defendant, Farmer's Home Administration" the trial judge issued another order of reference, again remanding the matter to the referee, stating:

> Because of the possible confusion surrounding the issues to be tried in the first reference, the Court is of the opinion that it would be in the interest of justice to remand this case to the Special Referee, so that the record may be supplemental by whatever additional evidence the government (FHA) desires to present, with the right of the Plaintiff to respond to said evidence if it desires. [Parenthesis supplied.]

*Order of Circuit Court,* Tr. 30, 31.

On January 4, 1983 the referee filed a supplemental report, again recommending that Hampton's lien be accorded priority over FHA's mortgage. FHA filed exceptions to the report on January 12.

Finally on March 30, 1983 the trial judge issued an order which, although containing no reference to it, reversed his March 2, 1982 order, and held the FHA's mortgage had priority over Hampton's lien.

Hampton appeals the March 30 order to this Court.

## ISSUES

The two issues presented are:

(1) Whether the Circuit Court had jurisdiction to modify its order of March 2, 1982 and;

(2) Whether FHA's mortgage should be accorded priority over Hampton's lien.

## I.

### JURISDICTION

We hold the trial judge was without jurisdiction to modify his March 2, 1982 order after FHA's appeal on March 9 to the Supreme Court, or to issue any order subsequent to the April 30, 1982 dismissal of FHA's appeal to the Supreme Court.

In his order of June 2, 1982, which remanded the matter for a second time to the referee, the trial judge conceded that FHA's appeal to the Supreme Court rendered null and void his March 26, 1982 order, which had remanded the matter for the first time to the referee.

However, he then reasoned that dismissal of that appeal on April 30, 1982 had the further effect of returning the case to the legal status it occupied at the time of the March 26 order.

> As a result of the foregoing (the order of March 26, FHA's appeal to the Supreme Court and subsequent dismissal of the appeal, etc.), the case is now in the identical posture that it was in when the court issued its Order of March 26, 1982, remanding the case to the Special Referee. [Parenthesis supplied.]

*Circuit Court order of June 2, 1982,* Tr. 30, 31.

The trial judge's ruling that jurisdiction was returned to his court by the April 30, 1982 dismissal of FHA's appeal is in error.

We hold that the dismissal of the appeal ended the case. Once jurisdiction vested in the Supreme Court it would not re-vest in the Circuit Court except by order of the Supreme Court, such as, for example, by the granting of a new trial.

In *C.I.T. Corporation v. Corley, et al.,* 196 S. C. 339, 13 S. E. (2d) 440, we held that a County Court order of August 22, 1939, from which no appeal was taken, became the law of the case, so that a subsequent adverse order of October 5, 1940 was null and void:

> ... and from this order (order of August 22, 1939) no appeal was taken. Hence it became the law of the case, and the County Judge was wholly without power or jurisdiction to revoke, vacate, overrule or reverse the same. [Parenthesis supplied.]

*C.I.T. Corporation v. Corley, et al, supra,* at 343, 13 S. E. (2d) 440.

The case here is analogous to *C.I.T. Corporation.* The legal effect of what occurred in the course of this litigation establishes the trial judge's order of March 2, 1982 as the law of the case.

## II.

### PRIORITY: FHA'S MORTGAGE OR HAMPTON LIEN

Our holding upon the first issue renders this issue moot.

Reversed and remanded for entry of judgment for appellant Hampton.

LITTLEJOHN, C. J., and NESS and GREGORY, JJ., concur.

WALTER J. BRISTOW, Jr., Acting Associate Justice, concurs.