23189

BOWEN & SMOOT, a South Carolina Partnership and James T. McLaren, Respondents v. Glenn H. PLUMLEE, III, a minor between the ages of 14 and 18; James H. Plumlee, a minor between the ages of 14 and 18; and Mark Plumlee, a minor under the age of 14, Appellants.

(391 S.E. (2d) 558)

Supreme Court

*Jack D. Simrill*, Hilton Head Island, *for appellants.*

*Frank B. B. Knowlton,* of *Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford, P.A.,* Columbia, and *Brian C. Pitts,* of *Bowen & Smoot,* Hilton Head Island, *for respondents.*

Heard Feb. 7, 1990.

Decided April 2, 1990.

TOAL, Justice:

This action for attorneys' fees was initiated by the Attorneys against the Children of the Attorneys' former client. On appeal, the Children challenge various rulings by the trial judge concerning a 12(b)(6) motion and voluntary dismissal of the action.

## FACTS

This case involves a suit by Attorneys for collection of attorneys' fees. The Attorneys represented the defendants' mother in several domestic and bankruptcy matters over a period of several years. When it became apparent that she might not pay the Attorneys, this action was brought against her children on the theory that they had benefitted from the Attorneys' services because they had received a judgment for child support. The Attorneys claim that their fees exceed $265,000.

After the Attorneys filed their Complaint, the Children filed a 12(b)(6) motion on the grounds that the Complaint failed to state a cause of action. The hearing on the 12(b)(6) motion was continued. Several days later, the Children submitted to the judge an affidavit of their mother indicating that neither she nor her children had received any money from the judgments obtained by the Attorneys. This affidavit apparently was not sent to the Attorneys. The Children also requested that their 12(b)(6) motion be converted to a Motion for Summary Judgment. Before the hearing for the Children's motion was held, the Attorneys filed a Motion to Dismiss Without Prejudice pursuant to Rule 41(a)(2). The Children filed their Answer and a Counterclaim the next day. The trial judge denied the 12(b)(6) motion on the grounds that a cause of action was stated in the Complaint and refused to

convert the motion to one for summary judgment. In addition, he dismissed the action without prejudice, including the Children's counterclaim and denied the Children's request for attorney's fees.

The Children brought this appeal.

## LAW/ANALYSIS

1. *23(b)(6) Motion*

a. *Denial of Motion*

The Children contend that the trial judge erred in denying their 12(b)(6) motion and ruling that the Attorneys had stated a cause of action in their Complaint. We agree.

Although the denial of a 12(b)(6) motion is not immediately appealable, *Moyd v. Johnson*, 289 S.C. 482, 347 S.E. (2d) 97 (1986), we feel compelled to state that an attorney may not maintain an action for attorney's fees against his client's children on the theory that they benefitted from a judgment awarding child support. Child support is awarded for the support necessary for the health and well being of the child. It is not proper for an attorney to attempt to take part of this support to satisfy attorney's fees incurred by the mother of the children.

b. *Denial of Conversion of 12(b)(6) Motion to Summary Judgment*

The Children contend that the trial judge should have converted their 12(b)(6) motion to a Motion for Summary Judgment. We disagree.

Rule 12(b)(6) provides in pertinent part that:

If on a motion asserting the defense numbered (6) to dismiss for failure to state facts sufficient to constitute a cause of action, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

This section was interpreted in *Brown v. Leverette*, 291 S.C. 364, 353 S.E. (2d) 697 (1987). This Court ruled that notice

provisions in Rule 56 are incorporated in Rule 12(b)(6) and must be observed before the motion could be converted to one for summary judgment.

Here, the affidavit was never sent to the Attorneys nor were they advised of the Children's request for summary judgment. Because of the lack of notice, the trial court properly denied the conversion of the 12(b)(6) *motion.*

2. *Voluntary Dismissal*

a. The Children contend that the trial judge erred in granting the Attorneys' motion to dismiss including the Children's counterclaim and the denial of the Children's request for attorneys' fees.

Rule 41(a)(2) of the South Carolina Rules of Civil Procedure provides in pertinent part:

> If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Generally, under South Carolina law, a plaintiff is ■ entitled to a voluntary nonsuit without prejudice as a matter of right unless legal prejudice is shown by the defendant or unless important issues of public policy are present in the case. *Prime Medical Corporation v. First Medical Corporation,* 291 S.C. 296, 353 S.E. (2d) 294 (Ct. App. 1987).

Here, the Attorneys filed their motion to dismiss ■ before the Children filed their Answer or Counterclaim. The trial judge found that the Children had failed to show the existence of legal prejudice or the presence of important issues of public policy. Therefore, we find that the trial judge did not err in dismissing the entire action.

In regard to the attorneys' fees, however, we find that ■ the Children were entitled to an award for having to defend against this meritless claim. Therefore, we reverse and remand this issue only for a determination of appropriate attorney's fees for the Children.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.