1549

William M. MULLER, d/b/a Aquarian Pools, Respondent v. MYRTLE BEACH GOLF & YACHT CLUB, a General Partnership and Charles R. Winters, Owner, Defendants, of whom Charles R. Winters is Appellant. Appeal of Charles R. WINTERS.

(399 S.E. (2d) 430)

Court of Appeals

*G. Michael Smith,* Myrtle Beach, *for appellant.*

*Ronald M. Childress,* Columbia, *for respondent.*

Heard Aug. 21, 1990.

Decided Oct. 8, 1990.

*Per Curiam:*

William Muller brought this action seeking payment for a swimming pool he installed on Charles Winters's land. The complaint alleged causes of action for (1) enforcement of a mechanic's lien, (2) breach of contract, and (3) *quantum meruit.* The trial judge, sitting without a jury, granted judgment in favor of Muller. We reverse.

## ISSUES

The issues of merit are (1) whether the trial judge erred by enforcing the mechanic's lien and (2) whether Raymond Moore, an employee of Myrtle Beach Golf and Yacht Club (MBGYC), was authorized to and did enter into the contract for the swimming pool as an agent of Winters.

## FACTS

Considered in the light most favorable to Muller, the facts are as follows: Charles Winters purchased four houses from the MBGYC. The homes were furnished by Winters then leased back to the club to be used as model homes. In order to show how the value of a small lot of land could be enhanced, MBGYC through its employee, Raymond Moore, arranged for Muller to construct a swimming pool on one of Winters's lots. Muller completed 95 percent of the pool and then stopped work. He sought payment of $10,767 from Winters for the work performed. Winters refused to pay. Muller filed a mechanic's lien, but failed to file a *lis pendens.* Muller also brought suit under an alleged contract between him and Winters. In the latter action, he contends Winters authorized MBGYC to act as his agent in entering into the contract for the pool.

At trial, Muller testified that at the time he entered into the contract he did not know who owned the property but understood Moore was developing the property for someone else. He also testified he found out Winters owned the lot after he had completed 95 percent of the installation. Finally, he testified that after he contacted Winters for payment, Winters stated "he was aware the pool was going in and he was thrilled to death that the pool was going in and we were supposed to be paid through [MBGYC], you know, that was the deal he had with them."

Pursuant to S.C.R.Civ. P. 36, Muller served Winters with a written request for admission. In the request, Muller asked: "Did MBGYC [Myrtle Beach Golf and Yacht Club], a General Partnership, have the authority of Defendant [Charles R. Winters] to enter into a contract with the Plaintiff for the construction of the patio pool?" Winters responded: "Admitted. However, Myrtle Beach Golf and Yacht Club indicated to the respondent Defendant that the pool was being constructed by Myrtle Beach Golf & Yacht Club would be solely responsible for its cost. [sic]" Winters sought to amend his answer on the day of trial to definitely deny the question, but the judge refused the amendment.

Based on the testimony presented and the answer to the request for admission, the trial judge found Moore had both actual and apparent authority from Winters to enter into the contract with Muller. The court held Muller had a valid and binding contract with Winters. The trial judge also enforced the mechanic's lien.

## DISCUSSION
### I.

We hold the trial judge erred in enforcing the mechanic's lien. A mechanic's lien is purely statutory. Therefore, the requirements of the statute must be strictly followed. *Multiplex Bldg. Corp., Inc. v. Lyles*, 268 S.C. 577, 235 S.E. (2d) 133 (1977). *S.C. Code Ann.* Section 29-5-120 (1976) provides:

Unless a suit for enforcing the lien is commenced, and notice of pendency of the action is filed, within six months after the person desiring to avail himself thereof ceases

to labor on or furnish labor or material for such building or structures, the lien shall be dissolved.

In any one of these requirements is not met, the lien against the property is dissolved. *Shelley Constr. Co., Inc. v. Sea Garden Homes, Inc.*, 287 S.C. 24, 336 S.E. (2d) 488 (Ct. App. 1985).

By failing to file a *lis pendens*, Muller failed to follow the requirements of the statute. We hold the trial judge erred in en- forcing the mechanic's lien.

## II.

We next consider whether the trial judge erred in finding that Winters, acting by and through Moore, entered into a contract with Muller to build a swimming pool. In an action at law where the judge sat without a jury, findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the findings. The judge's findings are equivalent to a jury's findings in a law action. *Townes Assoc. Ltd v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976). If there is any evidence which reasonably supports the findings of the lower court, the findings may not be reversed.

The first issue we consider is whether Winters's answer to the request for admission bars him from denying Moore was his agent. As we read the response, he admitted only that MBGYC had authority to contract to build a pool on his lot. He did not admit MBGYC had authority to bind him to pay for the pool. To the contrary, the second part of the answer indicates MBGYC did not have authority to bind him to pay for the pool.[1] At the very least, Winters's response to the request for admission is uncertain.

Admissions under S.C.R.Civ. P. 36 are treated as admissions in pleadings. 8 C. Wright and A. Miller, *Federal Practice and Procedure* Section 2264 (1970). The interpretation of pleadings is a question of law for the court. *Burrell v. Dickson Transfer Co.*, 244 N.C. 662, 94 S.E. (2d) 829 (1956); 88 C.J.S. *Trial* Section 205 (1955). We are free to review such questions in the same manner as the trial court. Uncertain admissions are not binding on anyone. 8 C. Wright

---

[1] It must be remembered that MBGYC was improving its own leasehold interest when it contracted with Muller to build the pool.

and A. Miller, *Federal Practice and Procedure* Section 2264 (1970). In view of (1) Winters denial of the existence of a contract in his answer, (2) his lawyer's representation to the court that the admission was inadvertent, and (3) Winters consistent representation to Muller that he did not authorize Moore to bind him to pay for the installation of the pool, we refuse to bind Winters to an admission of agency based upon the ambiguous response.

As to the finding of apparent agency, we find no evidence that Moore had apparent authority to enter into the contract on behalf of Winters. Of course, Moore testified emphatically that he had no authority from Winters to bind him to pay for the pool. Muller argues, however, that Moore's representation to him that he "had a responsibility to the owner to build a pool" and the retention of the benefits of the pool by Winters amounts to evidence of apparent agency.

The doctrine of apparent authority provides that the principal is bound by acts of his agent when he has placed the agent in such a position that a person of ordinary prudence, reasonably familiar with business usages and customs, is led to believe the agent has certain authority and in turn deals with the agent based on that assumption. *Fernander v. Thigpen*, 278 S.C. 140, 293 S.E. (2d) 424 (1982); *Watkins v. Mobil Oil Corp.*, 291 S.C. 62, 352 S.E. (2d) 284 (Ct. App. 1986).

Apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe the principal consents to have the act done on his behalf by the person purporting to act for him. *Restatement (Second) of Agency* Section 27 (1958). Either the principal must intend to cause the third person to believe that the agent is authorized to act for him, or he should realize that his conduct is likely to create such belief. *Id.*, comment a.

In this case, there is no evidence that Winters, by either affirmative conduct or conscious and voluntary inaction, represented to Muller that Moore was his agent or had authority to act for him. *Watkins v. Mobil Oil*, 291 S.C. 62, 352 S.E. (2d) 284. In fact, Muller only learned who Winters was after he left the job. Moreover, an agency may

not be established solely by the declarations and conduct of an alleged agent. *Fuller v. Eastern Fire & Casualty Ins. Co.*, 240 S.C. 75, 124 S.E. (2d) 602 (1962).

Finally, Muller argues as an additional sustaining ground that the judgment should be sustained on the theory of *quantum meruit.*

The essential elements of an action in *quantum meruit* are: (1) valuable services or materials were furnished; (2) for the person sought to be charged; (3) the services and materials were accepted, used, and enjoyed by the person sought to be charged; (4) under such circumstances as reasonably notified the person receiving the services or materials that the plaintiff, in furnishing such services or materials, expected to be paid for them by the person sought to be charged. *Webb v. First Fed. Savs. & Loan Ass'n,* ___ S.C. ___ , 388 S.E. (2d) 823 (Ct. App. 1989). There is no evidence the pool was installed for Winters under circumstances that reasonably notified him that Muller was expecting payment from Winters. Therefore, the theory is inapplicable.

## CONCLUSION

For the reasons stated, we hold the trial judge erred in enforcing the mechanic's lien. There is also no evidence which reasonably supports the trial judge's finding that a contract existed between Muller and Winters. For these reasons, we reverse.

Reversed.

