## 23412

Steven W. HAMM, Consumer Advocate for the State of South Carolina, Appellant v. SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, and The South Carolina Public Service Commission, of whom Southern Bell Telephone and Telegraph Company, Respondents, and The South Carolina Public Service Commission, Appellant. Appeal of SOUTH CAROLINA PUBLIC SERVICE COMMISSION.

(406 S.E. (2d) 157)

Supreme Court

*Steven W. Hamm, Raymon E. Lark, Jr., Nancy J. Vaughn, Elliott F. Elam, Jr., S.C. Dept. of Consumer Affairs,* Columbia, *for Consumer Advocate.*

*Marsha A. Ward, S.C. Public Service Com'n,* Columbia, *for S.C. Public Service Com'n.*

*Fred A. Walters, Southern Bell Tel. & Tel. Co., A. Camden Lewis, Costa M. Pleicones* and *Mary G. Lewis, Lewis, Babcock, Pleicones & Hawkins,* Columbia, *for Southern Bell Tel. & Tel. Co.*

Heard May 6, 1991.

Decided June 10, 1991.

HARWELL, Justice:

This case involves a question regarding the enforcement of this Court's prior opinion in *Hamm v. Southern Bell Telephone and Telegraph, Co.,* — S.C. —, 394 S.E. (2d) 311 (1990), *cert. denied,* — U.S. —, 111 S. Ct. 1018, 112 L. Ed. (2d) 1099 (1991) (*Hamm I*). In *Hamm I*, we "reversed" a previously approved rate increase requested by respondent Southern Bell Telephone and Telegraph Company (Southern Bell) and remitted the case to the circuit court, the court below, as required by S.C. Code Ann. § 18-9-270 (1985). Southern Bell contended below that since this Court failed to explicitly remand the case to appellant Public Service Commission (Commission) with instructions to order Southern Bell to refund with interest the monies collected pursuant to the illegally approved order, no such relief was granted by this Court and that the circuit court was without authority to return the case to the Commission to enforce our opinion. The circuit court

agreed and refused to return the case to the Commission. We disagree and hereby reverse the circuit court's order and remand the case to the Commission to determine the amount of refunds owed. The Commission shall take into consideration the appropriate interest rate to be applied and the amount, if any, that has already been refunded.

## I. FACTS

Southern Bell filed an application with the Commission for a rate increase for Touch-Tone calling service. Southern Bell asserted that the increase was necessary to offset alleged losses that would result from a previous order of the Commission that involved WATS lines. Appellant Steven W. Hamm, the Consumer Advocate, intervened and was made a party of record in the proceeding before the Commission. The Commission granted Southern Bell the increase and the circuit court affirmed the order of the Commission.

On appeal, this Court "reversed" the order of the circuit court which had affirmed the Commission's order granting Southern Bell the increase in rates. As an initial matter, we noted that the "findings" of the Commission ran afoul of our decision in *Able Communications, Inc. v. South Carolina Public Service Comm'n*, 290 S.C. 409, 351 S.E. (2d) 151 (1986), which held that "[t]he findings of fact of an administrative body must be sufficiently detailed to enable the reviewing court to determine whether the findings are supported by the evidence and whether the law has been properly applied to those findings." *Able Communications, Inc.*, 290 S.C. at 411, 351 S.E. (2d) at 152. Here, the Commission's order merely recited conflicting and unsubstantiated opinion testimony. Rather than remanding the case to the Commission in order that it point to the specific factual basis of record for its findings of fact so as to comport with our holding in *Able Communications, Inc.*, we simply "reversed" the case finding that a remand for *this* purpose was unnecessary as there was no factual basis in the record to which the Commission could point in support of its findings.

Pursuant to Section 18-9-270, we remitted the case to the court below, in this case, the circuit court, to enforce our judgment in the *Hamm I* opinion. Subsequent to the remittitur, and after this Court denied Southern Bell's petition for re-

hearing, Southern Bell filed a petition for writ of certiorari with the United States Supreme Court which was denied. Based upon our opinion in this case, the circuit court issued an order returning the case to the Commission for it to take action in a manner consistent with that decision. Subsequent to this order, Southern Bell filed a motion to vacate the circuit court order returning the case to the Commission; this motion was granted.

At the hearing on Southern Bell's motion to vacate the circuit court order returning the case to the Commission, the Consumer Advocate made an oral motion to have the case returned to the Commission. In a separate order, the circuit court denied the Consumer Advocate's motion stating that it was without authority to remand a case to the Commission in the absence of an explicit directive of this Court. In concluding, the circuit court stated that only this Court could clarify its own opinion. This appeal follows.

## II. DISCUSSION

This case involves a question as to the enforcement of our prior opinion in this case. In *Hamm I,* we held that the Commission had erred in granting Southern Bell a rate increase for Touch-Tone calling services because it did not comply with our rule in *Able Communications, Inc., supra.* In other words, the Commission's "findings" supporting the rate increase were not sufficiently detailed to enable this Court to determine whether such "findings" were supported by the evidence and whether the law had been properly applied to those "findings." In *Hamm I,* we went a step further; rather than remanding the case to the Commission in order for it to point to the specific factual basis of record for its findings of fact, we reviewed the entire record and determined that a remand for *this* purpose would be fruitless as there was absolutely no factual basis of record to which the Commission could cite in support of its findings. In our opinion in *Hamm I* it was clear that: (1) the rate increase was unlawful; and (2) a remand for the specific purpose of providing the Commission an opportunity to comply with our rule in *Able Communications, Inc.* was unnecessary where the entire record was void of any evidence in support of the Commission's decision. Likewise, our prior opinions regarding the collection of rates pur-

suant to an order which is ultimately determined to be unlawful are unambiguous. In *Hamm v. Central States Health & Life Co. of Omaha,* 299 S.C. 500, 386 S.E. (2d) 250 (1989), we very plainly stated:

> [W]hen a regulated company requests a rate increase which is approved by the regulating authority, but timely appealed and found to be unlawfully established, that company cannot keep funds to which it was never entitled. This is a matter of public policy and such reasoning would apply no matter what regulated industry is involved.

*Id.* at 506, 386 S.E. (2d) at 254.

Southern Bell's contention is that refunds of the rates which it collected, which were determined to have been unlawfully collected by our prior opinion in this case, need not be refunded in the absence of an express mandate by this Court to remand the case to the Commission and specific instructions to determine the amount of refunds owed and to effect such refunds. Although we did not explicitly remand the case, and used only the word "reversed," in view of our prior case law and opinion in this case, it was implicit as well as our intention that a refund was owed to Southern Bell's ratepayers.

Further, although we did not expressly "remand" the case, no such instruction was necessary under the facts of this case. Section 18-9-270 provides that "[t]he Supreme Court may reverse, affirm or modify the judgment decree or order appealed from in whole or in part and as to any or all of the parties, and the judgment shall be remitted to the court below to be enforced according to the law." Here, the court below from which the appeal in *Hamm I* arose, was the circuit court. Thus, the case was remitted to that court. In order to have enforced our decision in *Hamm I,* the only reasonable interpretation of the law, particularly in light of the passage quoted above from *Central States,* would have been that the circuit court return the case to the Commission for it to act in accordance with our opinion. We therefore reverse the order of the circuit court declining to return the case to the Commission. In an effort to clarify any confusion that may have been created by our prior opinion and to provide relief to those ratepayers who are owed refunds, we remand this case to the

Commission. Upon remand, the Commission shall determine the amount to be refunded taking into consideration the appropriate interest rate to be applied to the refunds and the amount, if any, that has already been refunded.

Reversed and remanded.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.