23655

BOWEN & SMOOT, a South Carolina Partnership, and James T. McLaren, Appellants v. Glenn H. PLUMLEE, III, A Minor Between the Ages of 14 and 18; James H. Plumlee, A Minor Between the Ages of 14 and 18, and Mark Plumlee, Respondents.

(417 S.E. (2d) 855)

Supreme Court

C. *Dixon Lee, III*, of *McLaren & Lee*, and *Kermit S. King*, of *King & Vernon*, Columbia, *for appellants*.

*Jack D. Simrill*, Hilton Head, *for respondents*.

Heard Feb. 19, 1992.

Decided May 11, 1992.

*Per Curiam:*

Appellants, Bowen & Smoot and James T. McLaren, appeal the trial judge's award of attorney's fees to respondents, Glenn H. Plumlee, III, James H. Plumlee, and Mark Plumlee. We affirm.

This Court previously reversed the trial court's denial of the respondent's Rule 12(b)(6), SCRCP, motion filed in the appellants' suit against the respondents, their client's children, as third-party beneficiaries of child support, for attorneys' fees incurred as a result of the parents' divorce. *See Bowen & Smoot v. Plumlee*, 301 S.C. 262, 391 S.E. (2d) 558 (1990). We recognized that the denial of a Rule 12(b)(6) motion is generally not appealable. However, we found the appellants' conduct in pursuing this course of action so egregious as to compel this Court to hear the appeal.

The case was remanded to the trial court for a determination of the amount of attorney's fees incurred by the children in defending the action. On remand, the respondent's attorney submitted an affidavit of attorney's fees which included attorney's fees incurred in the appeal. The appellants filed a motion for

clarification of this Court's opinion. The motion was granted and this Court's order of October 5, 1990, provided clarification as follows: 1) That unless otherwise stated by this Court, the prevailing party on appeal is only entitled to recover attorney's fee for the appeal in the amount of $750 as automatically provided by Supreme Court Rule 38, now Rule 222(b), (e), SCACR; 2) that respondents never requested of this Court an order modifying the amount of attorney's fees allowed; 3) that the remand was for the limited purpose of determining reasonable attorney's fees incurred in the trial court; and 4) the circuit court was not given authority to award attorney's fees for the appeal. *See Sub-Zero Freezer Co. v. R.L. Clarkson Co.,* — S.C. —, 417 S.E. (2d) 569 (S.C. 1992) (actual attorney's fees incurred in appeal recoverable under Rule 222(e) ).

Subsequent to the clarification, the trial judge awarded respondents attorney fees in the amount of $8,669.70. The award was based upon 86.33 hours of service rendered in the original action and 10 hours for preparation and appearance at the remand hearing, all at the rate of $90 per hour.

In this appeal, appellants assert that the amount of attorney's fees awarded by the trial judge is in error and/or excessive. First, appellants claim the attorney's time of 86.33 hours for the original action was unreasonable based on the evidence presented. We disagree.

The record reflects that the attorney's time of 86.33 hours claimed for services rendered in the original action is supported by the evidence. Additionally, the trial court's award comports with previous decisions of this Court. *See Glasscock v. Glasscock,* 304 S.C. 158, 403 S.E. (2d) 313 (1991).

Finally, appellants contend the trial judge was without authority to award attorney's fees to respondents for the hearing on remand.

We adopt the reasoning articulated in *Pennsylvania v. Delaware Valley Citizens Council,* 483 U.S. 711, 107 S. Ct. 3078, 97 L. Ed. (2d) 585 (1987), and hold that it is within the trial judge's authority to determine the appropriate amount and award attorney's fees for services rendered as a result of this case being remanded.

Affirmed.