23959

William M. MULLER, d/b/a Aquarian Pools, Respondent v. MYRTLE BEACH GOLF AND YACHT CLUB, a general partnership, and Charles R. Winters, Defendants, of whom Charles R. Winters is Appellant. Appeal of Charles R. WINTERS, Appellant.

(438 S.E. (2d) 248)

Supreme Court

---

*Otis Allen Jeffcoat, III*, of *Jeffcoat & Associates*, Myrtle Beach, *for appellant.*

*George C. Kosko*, Pawleys Island; and *Leigh Ballenger Sellers*, of *Ratchford & Associates*, Columbia, *for respondent.*

Heard Nov. 3, 1993.

Decided Dec. 6, 1993.

CHANDLER, Justice:

Appellant Charles R. Winters (Winters) appeals an Order denying his motion for attorney's fees. We revere and remand.

## FACTS

In 1988, Respondent William Muller (Muller) brought suit against Winters for foreclosure of a mechanic's lien and, alternatively, breach of contract and *quantum meruit.* In Circuit Court Muller prevailed and was awarded attorney's fees pursuant to S.C. Code Ann. § 29-5-10 (1991) (mechanic's lien statute).

Court of Appeals reversed this judgment. *Muller v. Myrtle Beach Golf & Yacht Club,* 303 S.C. 137, 399 S.E. (2d) 430 (Ct. App. 1990), *cert. dismissed,* 305 S.C. 330, 408 S.E. (2d) 242 (1991). The remittitur was then sent to the Circuit Court on August 21, 1991.

On September 17, 1991, Winters petitioned this Court for attorney's fees and costs pursuant to Rule 222, SCACR. He was advised that this Court no longer had jurisdiction since the remittitur had been sent down.

Winters then petitioned Circuit Court for Attorney's fees and costs incurred in the trial phase, as well as the appellate and post-appellate phases of the case, pursuant to § 29-5-10. After a hearing, Circuit Court denied attorney's fees, holding that, absent a directive of the Supreme Court, it was without jurisdiction to act. This appeal follows.

## ISSUES

1. Did Circuit Court have jurisdiction to award attorney's fees to Winters?
2. Is Winters entitled to trial, appellate and post-appellate attorney's fees?

## DISCUSSION

### A. Jurisdiction

The holding of Circuit Court that it was without jurisdiction to adjudicate the issue of attorney's fees was erroneous. Once the remittitur is sent down from this

Court, Circuit Court acquires jurisdiction to enforce the judgment and take any action consistent with the Supreme Court ruling. *Hamm v. Southern Bell,* 305 S.C. 1, 406 S.E. (2d) 157 (1991); *State v. Wise,* 33 S.C. 582, 12 S.E. 556 (1891); *Brooks v. Brooks,* 16 S.C. 621 (1881).

Muller relies on *Hampton Building Supply, Inc. v. Wilson,* 285 S.C. 135, 328 S.E. (2d) 635 (1985), for the proposition that the Circuit Court is not "re-vested" with jurisdiction after appeal. *Hampton* is clearly distinguishable. In *Hampton,* after the case had been dismissed on appeal, Circuit Court readjudicated the case and reversed its earlier order.

Here, attorney's fees awarded to the prevailing party under § 29-5-10 are to be determine "by the court in which the action is brought," i.e., Circuit Court. Accordingly, once this Court sent down the remittitur, Circuit Court was vested with jurisdiction to determine the issue of attorney's fees under § 29-5-10.

### B. Attorney's Fees

Winters contends that he is entitled to an award in the amount of $10,676 for attorney's fees and costs incurred in the trial, appellate, and post-appellate stages of the case pursuant to § 29-5-10.[1] Muller argues that Winters is not entitled to this amount because: (1) Circuit Court lacked jurisdiction to award trial costs; (2) Winters failed to timely file for appellate costs under Rule 222, SCACR; and (3) there is not provision for post-appeal fees.

Section 29-5-10 provides in pertinent part:

> The costs which may arise in enforcing or defending against the lien under this chapter, including a reasonable attorney's fee, may be recovered by the prevailing party. The fee must be determined by the court in which the action is brought but the fee and the court costs may not exceed the amount of the lien.

First, as to trial costs, Circuit Court clearly has jurisdiction following an appeal to determine this issue once the remitti-

---

[1] Winters' actual costs and attorney's fees were $14,872.57. He concedes that this amount should be reduced to $10,676, which is the amount of the mechanic's lien foreclosed upon.

tur has been sent down. *Hamm, supra: Wise, supra; Brooks, supra,* Further, § 29-5-10 specifically provides for this determination to be made in Circuit Court.

Second, as to appellate costs, Rule 222, SCACR provides an automatic attorney's fee award of $750 for the prevailing party on appeal, which is "taxed in the appellate court." Winters waived his right to this award since he failed to file an itemized statement of costs with the court prior to the issuance of the remittitur. Rule 222(c) & (f), SCACR. However, Rule 222 "does not preempt an award of attorney's fees to which one is otherwise entitled." *McDowell v. S.C.D.S.S.,* 304 S.C. 539, 543, 405 S.E. (2d) 830 (1991). Therefore, although Winters may not recover the $750 fee under Rule 222, he may recover appellate costs under § 29-5-10.

Third, the post-appellate fees incurred in the collection of trial and appellate fees may also be recoverable under § 29-5-10. *See Bowen & Smoot v. Plumlee,* — S.C. —, 417 S.E. (2d) 855 (1992) (trial court had authority to determine award of attorney's fees as a result of case being remanded).

Accordingly, § 29-5-10 entitled Winters to all costs incurred in defending the mechanic's lien action up to the amount of the lien being foreclosed. Since Circuit Court erroneously failed to exercise jurisdiction, we reverse and remand for a final determination of attorney's fees.

Reversed and remanded.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.