24177

Veronica Joyce BONAPARTE, as Guardian ad Litem for Emmitt R. Bonaparte, Christopher T. Bonaparte, and Tarrah L. Bonaparte, minors under the age of Fourteen (14) years, Petitioner v. John E. BONAPARTE, as an individual and as Conservator of the Estate of Bonaparte minors, Respondent.

(452 S.E. (2d) 836)

Supreme Court

*William T. Toal, Johnson, Toal & Battiste, P.A.,* Columbia, *for petitioner.*

*John G. Felder, Felder and Prickett,* St. Matthews, *for respondent.*

Heard Nov. 15, 1994.

Decided Jan. 9, 1995; Reh. Den. Feb. 9, 1995.

WALLER, Justice:

We granted certiorari to review the Court of Appeals' opinion in *Bonaparte v. Bonaparte,* Op. No. 93-UP-292 (Ct. App. filed Nov. 4, 1993). We reverse.

## FACTS

Jimmy Bonaparte (Decedent) was killed by his wife, Veronica Bonaparte (Wife). Wife was the sole beneficiary of a $132,000 life insurance policy issued by Metropolitan Life Insurance Company (Insurer). Decedent's father, John Bonaparte (Bonaparte), was the Administrator of his Estate.

Wife was initially charged with Decedent's death, which precluded her from receiving benefits under the policy;[1] In-

---

[1] S.C. Code Ann. § 62-2-803 (1987) prohibits one who intentionally kills his/her spouse from receiving life insurance proceeds. The charges against Wife were subsequently dropped.

surer therefore instituted a federal interpleader action to determine the appropriate beneficiaries under the policy. In the federal suit, the parties' three minor children were represented by a Guardian ad Litem (GAL) who was an attorney, Wife was represented by counsel, and Bonaparte was represented by attorney John Felder. Bonaparte's contract with Felder, dated December 19, 1988, provides, in pertinent part:

> I hereby retain and employ the firm of FELDER, WHETSTONE, RIESEN & GARDNER as **my** attorneys, to represent **me** in regard to a policy of insurance issued by Metropolitan Life Insurance Company insuring the life of my son, Jimmy L. Bonaparte. I agree to pay said attorneys a fee of one-third (½) (sic) of any amount recovered. . . . (Emphasis supplied.)

Prior to trial, the parties reached a settlement whereby Wife received sixty percent of the insurance proceeds and Decedent's three minor children received forty percent. Following the settlement, Bonaparte, the children's paternal grandfather, was appointed Conservator of their Estates.

Subsequent to the settlement, Bonaparte's attorney filed claims for attorney's fees against minor children's estates, seeking to recover one-third[2] of each child's insurance settlement in satisfaction of his contingency fee arrangement with Bonaparte. Bonaparte, acting as Conservator, approved payment of the claims. Wife, now acting as the children's GAL,[3] instituted this action challenging Bonaparte's payment of attorney's fees from the children's estates. The Master found that Bonaparte had properly exercised his authority as Conservator under S.C. Code Ann. § 62-5-424(c)(12) (1993 Supp.), such that payment of the fees was reasonable. The Circuit Court affirmed the Master's ruling, and held, additionally, that Bonaparte's attorney was entitled to a reasonable fee under *quantum meruit*. The Court of Appeals affirmed.

## DISCUSSION

The lower courts found Bonaparte's payment of attorney's

---

[2]This amounted to $6480.00 from each child's estate.

[3]Following the settlement, Wife was appointed the children's GAL. The charges against her in relation to the Decedent's death were dropped.

fees proper under his statutory authority as Conservator of the children's estates. We disagree.

Under § 62-5-424(c)(12) (Supp. 1993), the Conservator of an estate may pay any claim without court authorization, so long as he acts reasonably in his efforts. This authority is limited by the duty to act in a fiduciary capacity, S.C. Code Ann. § 62-5-417 (1987), and by the requirement the conservator pay only just claims. S.C. Code Ann. § 62-5-428 (1987).

Here, the claim for attorney's fees **against the children's estates** was neither just nor reasonable. The contract for legal services clearly reflects that Felder represented **Bonaparte.** Nothing in the agreement contemplates representation of the minor children. Moreover, the children were represented by a GAL/attorney, prior to the settlement. The fact that Bonaparte's attorney aided in reaching the settlement does not render the children liable for payment of his attorney's fee.[4]

Wife also contends the Court of Appeals' opinion conflicts with this Court's opinion in *Bowen and Smoot v. Plumlee*, 301 S.C. 262, 391 S.E. (2d) 558 (1990). We agree.

In *Bowen and Smoot,* we held that an attorney may not maintain an action for attorney's fees against his client's children on the theory that they benefitted from a judgment awarding child support. We stated:

> Child support is awarded for the support necessary for the health and well being of the child. It is not proper for an attorney to attempt to take part of this support to sat-

---

[4]We reject Bonaparte's contention that his attorney's fees were properly paid under theories of *quantum meruit* or the "common fund" cases. Neither of these contentions was specifically addressed by the Court of Appeals; accordingly, they are not preserved for review. *Cook v. South Carolina Dep't of Highways and Public Transportation,* 309 S.C. 179, 420 S.E. (2d) 847 (1992). In any event, the criterion for these doctrines are not met in this case. There is no evidence the children knew the firm would expect payment from them, a necessary element of *quantum meruit. Muller v. Myrtle Beach Golf and Yacht Club,* 303 S.C. 137, 399 S.E. (2d) 430 (Ct. App. 1990). For similar reasons, the "common fund" cases are inapplicable as the children did not acquiesce in another party's attorney's creation of the fund. *Petition of Crum,* 196 S.C. 528, 14 S.E. (2d) 21 (1941). To the contrary, the children were represented by a GAL in the federal action which resulted in the settlement proceeding. There is no implied contract they would pay for the services of **Bonaparte's** attorney.

isfy attorney's fees incurred by the mother of the children.

301 S.C. at 265, 391 S.E. (2d) at 559. The Court of Appeals' distinguished *Bowen and Smoot*, finding the insurance proceeds here were not "necessary for the health and well being of the Bonaparte minors." It found, further, that the minors held no claim at law to the insurance proceeds. These distinctions are without merit.

The basis for our holding in *Bowen and Smoot* is not that the fund sought to be recovered as fees was child support, but that the attorney's contact was with the mother, and not the children. As such, the attorney had no claim against the children. Accordingly, *Bowen and Smoot* is controlling and counsel for Bonaparte was not entitled to seek attorney's fees from the children's estates.[5]

The judgement below is

Reversed.

CHANDLER, C.J., FINNEY and MOORE, JJ., and M.D. SHULER, Acting Associate Justice, concur.

---

[5]Moreover, the Court of Appeals distinctions are unpersuasive. We find insurance proceeds of a deceased parent are necessary for the well being of the children. Further, at the time Insurer instituted the interpleader action, the minors **did** have a claim at law to the proceeds since their mother was charged with murder and was prohibited under § 62-2-803(c) (1987) from receiving benefits under the policy.