THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Teddy Walls, formerly d/b/a Crafts Unlimited, Appellant/Respondent,
v.
Reed Porter & RAF, LLC, Respondent/Appellant.
 
 
 

Appeal From Greenville County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2006-UP-089
Heard November 9, 2005  Filed February 10, 2006

REVERSED AND REMANDED

 
 
 
Weston Trey Merck, of Piedmont, for Appellant-Respondent.
Thomas Elihue Dudley, III, of Greenville, for Respondent-Appellant.
 
 
 

PER CURIAM:  Contractor Teddy Walls appeals the trial courts dismissal of his mechanics lien action for failing to timely file his notice and certificate of mechanics lien and foreclosure action where the notice and action were erroneously brought in the name of Crafts Unlimited Contractors, Inc., a corporation Walls formed after entering into the construction contracts.  Reed Porter & RAF, LLC filed a cross-appeal asserting the trial court erred in denying their request for attorneys fees.  We reverse the dismissal of Walls action and remand.[1]
FACTS
On July 28, 2003, Teddy Walls, as the Owner of Crafts Unlimited, a sole proprietorship, entered into two construction contracts with Reed Porter & RAF, LLC (Reed/Porter).  One contract price was $150,000.00.  The other was $740,000.00.  In December of 2003, Walls incorporated his business under the name Crafts Unlimited Contractors, Inc (the Corporation).  Walls was terminated from the projects in January of 2004. Although Walls performed the work under the contracts doing business as Crafts Unlimited, the sole proprietorship, he filed a notice and certificate of mechanics lien that he had signed on behalf of the Corporation on February 24, 2004.  The Corporation subsequently brought this action on May 4, 2004 seeking foreclosure of the mechanics lien as well as claims for breach of contract and unjust enrichment.  In its answer, Reed/Porter asserted the corporation lacked standing to bring the action as it could not establish an agreement with Reed/Porter to perform work.  
On June 7, 2004, Walls filed an amended summons and complaint and lis pendens under his own name, doing business as Crafts Unlimited, asserting claims for breach of contract, unjust enrichment, and foreclosure of a mechanics lien.  Reed/Porter moved for partial summary judgment on the claim for foreclosure of the mechanics lien.  It asserted as the Corporation did not contract to provide labor and materials, it never acquired any lien rights. 
The trial court found that it was undisputed that the Corporation did not contract to provide labor and materials, and therefore never acquired any lien rights upon which to base a lien claim.  It ruled Walls, the current plaintiff, was a different, distinct entity from the Corporation.  It held that since it had been more than ninety days since Walls had done any work on the subject property, the error in naming the wrong party could not be cured.  Thus, as Walls did not timely file a notice of mechanics lien, the mechanics lien action must be dismissed.
As an additional sustaining holding, the court held that since the entity that filed the mechanics lien was not properly licensed, it lacked standing to assert such a lien or lawsuit.  The court denied Reed/Porters request for attorneys fees.  This appeal followed.   
LAW/ANALYSIS
Walls argues the trial court erred in holding his notice of mechanics lien and foreclosure action were not timely filed.  We agree.  
As a mechanics lien is purely statutory, the requirements of the statute must be strictly followed.  Muller v. Myrtle Beach Golf & Yacht Club, 303 S.C. 137, 140, 399 S.E.2d 430, 432 (Ct. App. 1990), overruled on other grounds by Myrtle Beach Hosp., Inc. v. City of Myrtle Beach, 341 S.C. 1, 532 S.E.2d 868 (2000).  If any one of these requirements is not met, the lien against the property is dissolved.  Id.  at 141, 399 S.E.2d at 432.  However, as the mechanics lien statutes are remedial, they are to be given a liberal construction.  Clo-Car Trucking Co. v. Clifflue Estates of S.C., 282 S.C. 573, 575-76, 320 S.E.2d 51, 53 (Ct. App. 1984). 
The mechanics lien statutes set forth the time limits in which a person seeking to enforce a mechanics lien must serve and file the notice and certificate of lien and foreclosure action.  Section 29-5-90 of the South Carolina Code provides the time limits for serving and filing the notice and certificate of lien: 

[A mechanics] lien shall be dissolved unless the person desiring to avail himself thereof, within ninety days after he ceases to labor on or furnish labor or materials for such building or structure, serves upon the owner or, in the event the owner cannot be found, upon the person in possession and files in the office of the register of deeds or clerk of court of the county in which the building or structure is situated a statement of a just and true account of the amount due him, with all just credits given, together with a description of the property intended to be covered by the lien sufficiently accurate for identification, with the name of the owner of the property, if known, which certificate shall be subscribed and sworn to by the person claiming the lien or by someone in his behalf and shall be recorded in a book kept for the purpose by the register or clerk who shall be entitled to the same fees therefor as for recording mortgages of equal length. . . . 

S.C. Code Ann. § 29-5-90 (Supp. 2005).  
A suit to enforce the lien must be commenced within six months of the cessation of labor. S.C.Code Ann. § 29-5-120 (1991). 
In the present case, Walls filed his amended summons and complaint and lis pendens within six months of his cessation of labor.  Thus, he complied with section 29-5-120 in timely commencing his suit to enforce the mechanics lien.   The amended action, however, was served and filed well after the 90-day time limit set forth in section 29-5-90 for serving and filing the notice of mechanics lien.  Therefore, we must decide whether the notice served and filed on February 24, 2004 meets the requirements of the statute to preserve Walls lien.  
Walls, the person desiring to avail himself of the lien, signed the notice himself, albeit on behalf of the Corporation.  He also signed the affidavit of mechanics lien.  Walls merely captioned the notice with the Corporations name.

Where the purpose of the requirement that a particular statement be included in the claim of lien has been achieved and no one is prejudiced, technical requirements should not stand in the way of achieving the purposes of the mechanics lien law.  Even though a claim contains some defect or error it will be upheld where the owner is informed of the claim and not misled by it or prejudiced.  

53 Am.Jur. 2d Mechanics Liens § 235 (1996).
Reed/Porter presented no evidence that it was misled by this caption or that it was prejudiced in any manner.  In fact, it is impossible to discern how it could have been misled considering the documents were signed by Walls and the Corporations name is the same as the name of Walls sole proprietorship.  We find under the facts of this case, Walls timely perfected his mechanics lien.  
As an additional holding, the trial court held that since the entity that filed the mechanics lien, the Corporation, was not properly licensed, it lacked standing to assert such a lien or lawsuit.  The Corporation, however, is no longer a party in this suit.  Walls, who is properly licensed, is the only party seeking to enforce the lien.   The Corporations lack of a license has no bearing on Walls claim against Reed/Porter.
Accordingly, the trial courts dismissal of Walls action to foreclose the mechanics lien is 
REVERSED AND REMANDED.[2]
HEARN, C.J., and HUFF and BEATTY, JJ., concur.  

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.  
[2] As we reverse the trial courts dismissal of Walls foreclosure action, we need not address Reed/Porters claims that it was entitled to attorneys fees.