**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Andrew and Kimberly McIntire, Appellants,

v.

Seaquest Development Company, Inc.; Red Bay Constructors Corp.; Benzenberg Custom Cabinets, Inc.; Jonathan Marshall Construction; Coastal Window & Door Center of Charleston, LLC; Carolina Window & Millwork, LLC n/k/a Carolina Window & Millwork-Omni Glass Industries, LLC; Southcoast Exteriors, Inc.; Michael Casteen d/b/a Michigan Prestain Co.; Coastal Plumbing & Gas, LLC; Foam Insulation Co., Inc.; Jerry Comer d/b/a Jerry's Tile & Marble, LLC; Lowcountry Fireplaces, Inc.; Carolina Pest Solutions, Inc.; and New South Construction Supply, LLC, Defendants,

AND

Seaquest Development Company, Inc., Third-Party Plaintiff/Appellant,

v.

Architectural Products of Charleston, LLC; and Sealtight of South Carolina, LLC, Third-Party Defendants,

of which Red Bay Constructors Corp.; Benzenberg Custom Cabinets, Inc.; Jonathan Marshall Construction; Coastal Window & Door Center of Charleston, LLC; Carolina Window & Millwork, LLC n/k/a Carolina Window & Millwork-Omni Glass Industries, LLC; Southcoast Exteriors, Inc.; Michael Casteen d/b/a

Michigan Prestain Co.; Coastal Plumbing & Gas, LLC;
Foam Insulation Co., Inc.; Jerry Comer d/b/a Jerry's Tile
& Marble, LLC; Lowcountry Fireplaces, Inc.; Carolina
Pest Solutions, Inc.; and New South Construction
Supply, LLC are the Respondents.

Appellate Case No. 2021-001055

<hr>

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

<hr>

Unpublished Opinion No. 2023-UP-206
Submitted May 17, 2023 – Filed May 31, 2023

<hr>

**AFFIRMED**

<hr>

Jaan Gunnar Rannik, of Epting & Rannik, LLC, of
Charleston, for Appellants Andrew McIntire and
Kimberly McIntire.

Jason Alan Daigle, Stephen Lynwood Brown, Edward D.
Buckley, Jr., and Russell Grainger Hines, all of Young
Clement Rivers, of Charleston, for Appellant Seaquest
Development Company, Inc.

Albert A. Lacour, III, of Clawson & Staubes, LLC, of
Charleston, for Respondent Lowcountry Fireplaces, Inc.

Erin DuBose Dean and Stacey Patterson Canaday, both
of Tupper, Grimsley, Dean & Canaday, P.A., of
Beaufort, for Respondent Jonathan Marshall
Construction.

Brent Morris Boyd and Timothy J. Newton, both of
Murphy & Grantland, PA, of Columbia; James H. Elliott,
Jr., of Richardson Plowden & Robinson, PA, of Mt.

Pleasant; Samia Hanafi Albenberg, of Richardson Plowden & Robinson, PA, of Charleston, all for Respondent New South Construction Supply, LLC.

Shelley Sunderman Montague, of Gallivan, White & Boyd, PA, of Columbia, for Respondent Benzenberg Custom Cabinets, Inc.

Shanna Milcetich Stephens, of Anderson Reynolds & Stephens, LLC, of Charleston; and Preston Bruce Dawkins, Jr., of Aiken Bridges Elliott Tyler & Saleeby, P.A., of Florence, both for Respondent Coastal Plumbing & Gas, LLC.

John Elliott Rogers, II, of The Ward Law Firm, PA, of Spartanburg, for Respondent Southcoast Exteriors, Inc.

William Wharton Watkins, Jr., of Wall Templeton & Haldrup, PA, of Charleston; John Joseph Dodds, IV, of Yarborough Applegate, LLC, of Charleston, both for Respondent Jerry Comer.

Diane Summers Clarke, II, of Barnwell Whaley Patterson & Helms, LLC, of Charleston, for Respondent Foam Insulation Co., Inc.

Suzanne Cuba Ulmer, of Kernodle Coleman of Charleston, for Respondent Carolina Pest Solutions, Inc.

Danielle F. Payne, of McAngus Goudelock & Courie, LLC, of Mt. Pleasant, for Respondent Red Bay Constructors Corp.

––––––––––

**PER CURIAM:** Andrew and Kimberly McIntire and Seaquest Development Company (collectively, Appellants) appeal the circuit court's order denying their joint motion for clarification.[1] Appellants argue the circuit court erred in holding

_____

[1] On May 18, 2023, this court received a letter from the McIntires explaining that they had settled their claims against Seaquest Development Company and as a part

the subcontractors were no longer parties to this case after the order dismissing the case was reversed on appeal.  We affirm.

We hold the circuit court properly denied Appellants' motion and concluded the subcontractors were no longer parties to this case on remand.  *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case."); *Rumpf v. Massachusetts Mut. Life Ins. Co.*, 357 S.C. 386, 398, 593 S.E.2d 183, 189 (Ct. App. 2004) ("Any unappealed portion of the trial court's judgment is the law of the case, and must therefore be affirmed."); *Dreher v. S.C. Dep't of Health & Env't Control*, 412 S.C. 244, 250, 772 S.E.2d 505, 508 (2015) ("Thus, should the appealing party fail to raise all of the grounds upon which a lower court's decision was based, those unappealed findings—whether correct or not—become the law of the case."); *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009) ("Under the law-of-the-case doctrine, a party is precluded from relitigating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly rejected by the appellate court."); *C. I. T. Corp. v. Corley*, 196 S.C. 339, 343 13 S.E.2d 440, 442 (1941) (holding that an unappealed order becomes the law of the case and the circuit court is "wholly without power or jurisdiction to revoke, vacate, overrule or reverse the same").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and VINSON and VERDIN, JJ., concur.**

---

of the settlement, they had released all of their claims against the various subcontractors in this appeal.  The McIntires thus requested their appeal be dismissed.  Accordingly, the McIntires' appeal is dismissed.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.